### R. O. MISENER v. THE STATE.
#### *No. 635.   Decided June 12.*

1. **Perjury—Materialty of Assignment for.**—On a prosecution for perjury, charged to have been committed by defendant in the trial of a civil suit instituted by one S. against one E. for half the commissions on the sale of a tract of land by E. to defendant; and in which the assignment for perjury was, that defendant as a witness in said suit testified, "that he did not tell E., on the morning of said sale, that S. had said to him (defendant), 'he had washed his hands of the entire matter.'" *Held,* that the statement was not of sufficient materiality upon which to assign perjury, because, if made by defendant, it would neither have absolved E. from liability to S. nor have affected S.'s right of recovery in the civil suit.

2. **Same.**—On a prosecution for perjury, charged to have been committed by defendant on the trial of a civil suit instituted by one S. against one E. for half the commissions on a sale of land by E. to defendant, in which the assignment for perjury was, that defendant in said suit, as a witness, testified, that on the evening of the day of said sale E. did not say to him, "that he would not have anything to do with what S. had said and done in reference to the sale of the land to him (defendant), and that if he was not willing to buy the land independent and regardless of what S. had said and done in reference to the sale and purchase, that he (defendant) could go away, and let the matter alone." *Held,* that said statement was not of sufficient materiality upon which to support an assignment for perjury, because nothing that E. might have said to S. could affect the rights of S. to a recovery in the civil suit.

APPEAL from the District Court of Hamilton. Tried below before Hon. J. S. STRAUGHAN.

This appeal is from a conviction for perjury, wherein the punishment was assessed at five years' imprisonment in the penitentiary.

The opinion sufficiently states the case.

*Cotton & Roberts, John L. Dyer, Sr.,* and *John L. Dyer, Jr.,* for appellants.

*Lindsey & Goodson* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The appellant was convicted of perjury, and his punishment assessed at five years' confinement in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. The assignment of perjury in this case was predicated on the testimony of the defendant in a suit in which W. T. Saxon was plaintiff and J. A. Eidson was defendant, the same being in the county court of Hamilton County. The suit was for the recovery of $250, alleged commissions due by the defendant to the plaintiff on account of the sale of a certain tract of land belonging to one S. H. Lumpkin to the witness (the defendant in this case) Misener. Saxon claimed, that he sold the land under an agreement with defendant, Eidson, that he was to have one-half of the commissions derived from the sale. Eidson claimed, that he sold the land without reference to the intervention or acts of said Saxon, and that therefore Saxon was not entitled to any commissions. The allegations for perjury in the indictment on which the defendant was convicted were as follows: "That R. O. Misener did not, on the morning of the 14th day of August, 1893, in the presence of J. A. Eidson and Arthur Eidson, at the residence of J. A. Eidson, say that he (R. O. Misener) had just come from W. T. Saxon, and that he (Saxon) had told him (Misener) that he (Saxon) had washed his hands of the entire matter (meaning the sale of the Turberville lands to Misener for S. H. Lumpkin), and that the said J. A. Eidson did not at the above stated time and place say to him (Misener) that if he (Misener) had come to make a trade with him (J. A. Eidson) for the Turberville lands, regardless of what W. T. Saxon had said or done, he would talk to him (Misener) about the sale of the land, otherwise he (Eidson) would not; that at the time he (Misener) was at the residence of J. A. Eidson, in the afternoon of the 14th day of August, 1893, and at the time J. T. James, Arthur Eidson, and J. A. Eidson, and he (Misener) were present, that J. A. Eidson did not say to him (Misener) at said time and place, in the presence of J. T. James and Arthur Eidson, that he (J. A. Eidson) would not have anything to do with what W. T. Saxon had said or done in reference to the sale of the Turberville lands to him (Misener), and that if he (Misener) was not willing to buy the land, independent and regardless of what Saxon had said or done, that he (Misener) could go away, and let the matter alone." The court charged the jury that

said assignments of perjury were material, and that, as to the first, if the witness Misener (the defendant in this case) denied making such statement to Eidson, when in truth and in fact he did, and that the State had shown the falsity of said defendant's statement in said case by two witnesses, as required by statute, then to find him guilty. The defendant excepted to the charge of the court as to the materiality of said allegation for perjury.

In the suit between Saxon and Eidson for commissions, it would have been competent for the defendant, in resistance of said suit, to have proven by original and competent evidence the fact that Saxon had withdrawn from the agreement as to the sale of said land, or any evidence tending to show such fact would have been relevant. And in said civil suit any testimony that would have affected the question of commissions on the sale of said land, between the parties, would have been material. In this case the allegation is not that Saxon had told the witness some fact that would have absolved Eidson from the agreement. The allegation is simply that the witness Misener told Eidson that Saxon had told him that he had washed his hands of the entire matter (meaning the sale of the Turberville lands). The indictment in this case does not inform us that this was for the purpose of impeachment of the witness Misener (defendant in this case), and, for aught we know, this was original testimony offered for the defendant; but conceding that it was for the purpose of laying a predicate for the impeachment of Misener, yet it is not presented in this case in a way to serve that purpose or to show its materiality in any respect. In the second allegation, which the court charges to the jury was a material basis for an accusation of perjury, the charging part of the indictment shows that the witness Misener was asked if, at a certain time and place, in the presence of certain parties, said Eidson had told him that he would not have anything to do with W. T. Saxon, with reference to the sale of said lands, and that if he (Misener) was not willing to buy the land, independent of what Saxon had said or done, that he (Misener) might go away and let the matter alone. This allegation, as well as the preceding, was not alleged or shown to be in the presence of Saxon, and it does not appear to us that anything that Eidson may have said to Misener could have affected Saxon's rights in the premises, to recover in a civil suit. As far as the record discloses, the rights of Saxon could not be affected by anything that Eidson might have told Misener, and we fail to see how said testimony was material on the trial of said civil suit. This civil suit of Eidson v. Saxon, 30 Southwestern Reporter, 957, was before the Court of Civil Appeals, and counsel for defendant refers to it in his brief, and upon the questions we have discussed the court say: "These facts in question, as discussed above, could not be established by declarations of Misener made to defendant or Lumpkin." And much more, we say, these facts could not be established by statements made by the defendant Eidson to Misener.

In our view of the case, it is not necessary to discuss other errors assigned; but because the allegations of the indictment do not show that the statements alleged to have been made by Misener in the trial of said civil cause were material, the judgment in this case is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.