## L. N. McAVOY v. THE STATE.

### No. 1882.   Decided November 30, 1898.

**1.  Perjury—Indictment—Materiality.**

In an indictment for perjury by a witness in a case on trial, the pleader may either set out all the facts, thus making it appear that the alleged false testimony was material to the issue being tried, or he may set out the false testimony and merely allege that the same was material testimony on the issue then being tried.

**2.  Same—Evidence.**

Where, in an indictment for perjury by a witness, the false testimony is set out accompanied with an allegation that it was material on the issue then being tried, it is necessary to prove so much of the pleadings and evidence at the former trial as will duly present the question and the materiality, since fact is involved with the law, and must generally be passed on by the jury under instructions from the court.

**3.  Same.**

Perjury can not be predicated on the impeachment of a witness upon illegal testimony not material to the issue, although such testimony was admitted in the case without objection.

**4.  Same—Materiality, How Submitted—Charge.**

Where the materiality of the testimony assigned for perjury depends upon a number of facts the court should, in a proper charge, submit these facts to the jury and instruct them that if they found the same to be true, that then the alleged false testimony was material.

APPEAL from the District Court of El Paso. Tried below before Hon. A. M. WALTHALL.

Appeal from a conviction for perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jay Good,* for appellant.—Perjury can only be assigned on testimony which would tend to establish a material issue in the case on trial, or would tend to contradict the testimony of some other witness in reference to a material issue in the case on trial. Martinez v. State, 7 Texas Crim. App., 394; Mattingley v. State, 8 Texas Crim. App., 345; Agar v. State, 29 Texas Crim. App., 605; Meeks v. State, 32 Texas Crim. Rep., 420; Meisener v. State, 34 Texas Crim. Rep., 588.

The statement of any circumstance wholly immaterial to the matter upon which the declaration is made is not perjury. Penal Code, art. 206.

The court erred in refusing to instruct the jury to return a verdict for defendant. Donohoe v. State, 14 Texas Crim. App., 638; Cravey v. State, 33 Texas Crim. Rep., 557; Buller v. State, 33 Texas Crim. Rep., 551.

False testimony, to be material, must be directly pertinent to the issue. Laurence v. State, 2 Texas Crim. App., 479.

·The court should have submitted the materiality of the alleged false statements to the jury as requested by defendant. Washington v. State, 23 Texas Crim. Rep., 336; Foster v. State, 32 Texas Crim. Rep., 39.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

The perjury assigned is charged to have occurred on the trial of one Max Goodman, who was being tried in the District Court of El Paso County for perjury alleged to have been committed in the trial of a case in the Justice Court, which is the same case out of which the perjury here assigned emanated. The particular predicate laid was as follows: That defendant, L. N. McAvoy, did willfully and deliberately state and testify as follows: "I saw the check for $350.50 (meaning thereby the check above described) at the trial in the Justice's Court on the 16th day of June, 1896 (meaning thereby at the trial of the case of Gypsie Davenport against the First National Bank of El Paso, Texas), and I saw John Aiken put those figures '175.25' on that check with a pencil, at that time, during the trial, and while he was a witness in that case (meaning thereby * * *), and I know the figures '175.25' were not on that check before that time (meaning thereby * * *);" "and which said statement was material to the issue of said cause," etc. It is insisted that the proof does not show that said statement upon which the perjury alleged was based was material on the trial of said case. It is held that in charging perjury the pleader may either set out all the facts in the indictment, thus making it appear that the alleged false testimony was material to the issue being tried, or he may set out the false testimony and merely allege that same was material testimony on the issue then being tried. White's Ann. Penal Code, art. 206, sec. 331, subdiv. 6, and authorities there cited; 2 Bish. Crim. Proc., sec. 921. In this case the latter course was pursued, and on the trial the State undertook to show by evidence the materiality of the alleged false testimony to the case then on trial, to wit, the State of Texas against Max Goodman. Mr. Bishop says: "It is necessary to prove all, or so much less than all, the pleadings and evidence brought forward at the former trial as will duly present the question; whereupon the court, not the jury, will decide, as of law, whether what the defendant is shown to have testified to therein was material. Yet practically, as fact is involved with the law, the question must generally be passed on with the rest by the jury, under instructions from the court." 2 Bish. Crim. Proc., sec. 935. The State proved a number of facts showing the proceedings both at the trial of the case in Justice Court, wherein Gypsie Davenport was plaintiff, and the First National Bank of El Paso was defendant, and also the proceeding on the trial of Max Goodman, in the District Court, for perjury, alleged to have been committed by him on the trial of the aforesaid case

in the Justice Court; and from these proceedings it is assumed by the State that the materiality of said alleged false testimony is made to appear. By reference to the proceedings in the Justice Court it will be seen that the suit of Gypsie Davenport against the bank was for an alleged balance due her by the bank on a deposit slip of $250. A deposit slip for $250 was introduced in evidence, and it showed an indorsement on the back thereof as follows: "Cash, 12—26—61." From the recitation of facts it is difficult to tell, but we take it, that the turning point in that case in the Justice Court was whether the above indorsement, showing a credit of $61 on said deposit slip, was on said slip prior to the 16th of June, 1897, the day of the trial in the Justice Court,—it being contended by the plaintiff that it was placed thereon on the 29th of May, 1897, when Goodman, the transferee, presented the deposit slip to the bank for payment; and, on the other hand, it was contended by the defendant that said indorsement was on the deposit slip before that time, it having been placed there by an officer of the bank on the 26th of December, 1896; that the figures above set out showed that "12" meant the twelfth month, and "26" the day of the month, and "61" the amount of money then paid and to be credited on the slip. For the purpose, as the State claims, of showing that Gypsie Davenport had drawn all the money she had deposited in said First National Bank of El Paso, a check for $350.50 in Mexican money was introduced in evidence, and not objected to by defendant. Aiken and Burgess, two witnesses for the State, both testified that the figures on said check, to wit, "175.25," in pencil, were on there prior to the trial of the case of Gypsie Davenport against the First National Bank of El Paso in the said Justice Court on June 16, 1897; and in that connection stated that the indorsement was to show that she had on that date been paid $175.25 in American money. It was shown that McAvoy was introduced as an expert on handwriting by the defendant in the case against Max Goodman in the District Court, and he was asked (by whom does not appear, but, doubtless by the prosecution) when the figures in pencil, "175.25," were put on the check for $350.50, and he testified that said figures were put on there by John Aiken on the 16th of June, 1897, in the trial of the case of Gypsie Davenport against the First National Bank of El Paso in Justice McKee's court for precinct No. 1 of El Paso County; that he saw John Aiken put said figures on said check, etc. This is the showing made by the statement of facts on which it is claimed that the materiality of said testimony is made to appear. It will be observed that this indorsement of "175.25" on said $350.50 check cut no figure, so far as disclosed by the testimony, in the trial in the Justice Court. No question was raised on the indorsement, so far as we have been able to discover, on that trial; and the matter was first presented on the trial of Max Goodman for perjury in the District Court. The perjury charged against him was with reference to the indorsement on the deposit slip, to wit, "Cash, 12—26—61;" that he should have sworn on the trial in the Justice Court that said indorsement was put on the deposit slip of $250 on the 29th of May, 1897, when he pre-

sented it to the bank for payment. Now, we are at a loss to understand what bearing the $350.50 check and the indorsement thereon of "175.25" could have in the perjury case against Max Goodman, unless it be conceded that because the witness McAvoy in that case (who is the appellant in this case), being mistaken as to the indorsement on the $350.50 check, was consequently mistaken about the indorsement on the deposit slip. We can not concede that it is legitimate testimony to show that because a witness was mistaken about some other matter in nowise connected with that in issue, he is, per consequence, mistaken as to the matter in issue. It is always admissible to contradict a witness on a material issue, and perjury can be predicated on the impeachment of a witness upon material matter. Washington v. State, 22 Texas Crim. App., 26; Williams v. State, 2 Texas Crim. App., 271; 2 Bish. Crim. Law, sec. 1032. But the general rule is that a witness can not be contradicted upon immaterial matters. There are some English cases which hold that, if a predicate is laid, without objection, for the impeachment of a witness upon immaterial matters even, and the witness is contradicted without objection, a predicate for perjury can be laid on the impeaching testimony. Id., sec. 1035, citing Reg. v. Gibbon, Leigh & C., 109. We believe the better doctrine is otherwise,—that illegal testimony, not material to the issue, can not be made so because admitted in the case without objection; and this is more in consonance with our statute, which requires that the testimony shall be material. Misener v. State, 34 Texas Crim. Rep., 588; Weaver v. State, 34 Texas Crim. Rep., 554. In our opinion, the State failed to show the materiality of this testimony to the issue then being tried between the State and Max Goodman. The defendant showed by two attorneys, who were familiar with the cause (one being the judge who tried the former case), that this testimony was not material. While this testimony was not admissible, yet no objection was made to it, and the witnesses appear to have had a proper conception of the matter. The court submitted the issue of the materiality of said testimony in a way to the jury, but we do not believe it was properly submitted. This materiality depended upon a number of facts. The court should, in a proper charge, have submitted these facts to the jury, and instructed them, if they found the same to be true, that then the alleged false testimony was material; that is, the materiality of the testimony was a mixed question of law and facts. Washington v. State, 22 Texas Crim. App., 26; Lawrence v. State, 2 Texas Crim. App., 479. It is not necessary to discuss other questions. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, Presiding Judge, absent.