## J. T. MARONEY v. THE STATE.

### No. 2629. Decided June 14, 1903.

**1.—Judge—Legal Authority—Change of District.**

L. was duly elected judge of the Forty-second Judicial District, composed of the county of C. and others; thereafter the Legislature created the Fifty-second Judicial District, composed of said county of C. and two more not contained in the said Forty-second District and provided in the act creating the Fifty-second District, that the said L. should continue to be the judge of the last named district; no judge was elected in said Fifty-second District and said L. has not taken the oath of office since said last named district was formed. Held, that the Legislature did not attempt to appoint said L. as judge of said Fifty-second District, but simply changed the dis-

trict for which he was elected, and his title to the office or his duties as judge are not affected.

**2.—Evidence—Perjury.**

Under an indictment for perjury, the accused may be convicted upon circumstantial evidence.

### ON REHEARING.

#### February 14, 1904.

**3.—Same—Materiality of Issue—Indictment—Proof.**

In an indictment for perjury it was alleged that it was material in a certain civil suit whether or not the transfer of a certain fire insurance policy to the accused, and upon which the suit was based, was made for a valuable consideration, and that in truth and fact it was not made for a valuable consideration, but was made with the intent to hinder, delay and defraud the creditors of the assignor of said policy, and that the accused swore as a witness in said suit that the said transfer was made for a valuable consideration, well knowing that it was not so made. Held, that it was necessary under said allegations to prove that the testimony in said civil suit showed the fact that said assignor was indebted and that said transfer by him was with the intent to defraud his creditors, otherwise it became immaterial whether the said transfer was for a valuable consideration.

**4.—Same—Allegata and Probata.**

Under the allegation of want of consideration and to defraud creditors in the transfer of a fire insurance policy as the material issue in an indictment for perjury, the prosecution can not shift its proof and be permitted to show that the insured who assigned the policy to the accused burned the insured property, and that the alleged false testimony of the accused with reference to the valuable consideration of said transfer tended to show such burning and thereby became material, the indictment not being predicated upon a general assignment of perjury.

Appeal from the District Court of Comanche. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Joiner & McMillan,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant insists that the judge who tried this case had no legal authority to do so. The bill shows the following facts: That N. R. Lindsey was duly elected judge of the Forty-second Judicial District of Texas, which district at the time of his said election and up to the time of the creation of the Fifty-second Judicial District was composed of the counties of Comanche, Eastland, Shackelford, Jones, Callahan, Stephens and Taylor; and that was the district of which N. R. Lindsey was elected district judge. Thereafter the Twenty-eighth Legislature at its regular session created an additional judicial district in the State of Texas, to wit, the Fifty-second Judicial District, composed of the coun-

ties of Coryell, Hamilton and Comanche; that no district judge had been elected by the people of these counties in said district, and no election had been held therefor, and no appointment had been made by the Governor of the State. The said N. R. Lindsey, the present judge, acting alone by reason of the fact that said Legislature enacted that he should continue and be the judge of the Fifty-second Judicial District of Texas. Said judge has not taken the oath of office since his appointment as judge of the Fifty-second Judicial District. We do not understand the Legislature to have attempted anything except to change the district for which the said N. R. Lindsey was elected; nor did they attempt to appoint said Lindsey judge. The mere fact that they changed the district and changed the name or the number of the district would not in any sense affect his title to the office or his duties as district judge. We understand the law and Constitution of this State to authorize the Legislature to change the district, as was done in this case. Without going into a further discussion of the matter, we hold that the Hon. N. R. Lindsey was judge of the district court that tried this case.

Appellant complains of the introduction of certain evidence on the trial, and his objections are embodied in several bills of exceptions. But under the qualification of the court appended to each bill, we hold there was no error in the ruling of the court.

The only remaining question is as to the sufficiency of the evidence. Appellant insists that in a case of perjury he can not be convicted upon circumstantial evidence. To this we can not agree. Since the decision in Main v. State, 26 Texas Crim. App., 14, this court has held that a conviction could be had upon circumstantial evidence in this character of prosecution. See also Anderson v. State, 24 Texas Crim. App., 705; Beech v. State, 32 Texas Crim. Rep., 240; Plummer v. State, 35 Texas Crim. Rep., 202; Rogers v. State, 35 Texas Crim. Rep., 221. The indictment is sufficient. The evidence amply warrants the verdict of the jury. The judgment is affirmed.

ON REHEARING.

HENDERSON, Judge.—This case was affirmed at the last Austin term, and now comes before us on motion for rehearing. Appellant strenuously insists that this case should be reversed because the issue on which perjury was predicated was not shown to be material. He alleges that we failed to pass on this issue in the original opinion, though it was raised; and he now invokes the decision of this court upon that question. It appears from the allegations in the indictment that the alleged perjury was committed by appellant in the trial of a suit in the District Court of Comanche County, in which Casey-Swasey Company was plaintiff against the Manchester Fire Insurance Company, the same being brought on an insurance policy for $1000, issued by said insurance company to one West on a certain stock of goods, furniture and fixtures; and by West transferred to appellant, J. T. Maroney; and by him transferred

to Casey-Swasey Company. It is further alleged that on the trial of the case, appellant, J. T. Maroney, testified, as a witness, that the transfer of said policy from West to him was made for a valuable consideration; that said West owed him a bona fide debt of principal and interest, amounting to $1000. We do not state the allegations in the indictment accurately, but this was the effect thereof. It was averred that this testimony was upon a material issue in the trial of said case, inasmuch as the transfer from West to Maroney was without consideration, and was made for the purpose of hindering, delaying or defrauding the creditors of said West. It may be conceded that the allegations in the indictment showing the materiality of the issue upon which the allegation of perjury is based are sufficient; but this materiality must be responded to by the evidence; that is, the evidence adduced on the trial must show the materiality of the alleged false testimony to some issue in the case. We have carefully examined the record on this point. The pleading, that is the answer of defendant, states in general terms that West was indebted in large amounts to divers parties, and was not indebted to Maroney, but transferred the policy of insurance to said Maroney in order to defraud his creditors, etc., when in truth and in fact the said West owed the said Maroney nothing whatever for borrowed money; and that the effect of the transfer would be to mislead and deceive appellant as to the real beneficial owner of the proceeds of said policy, and would cause and might probably cause embarrassment and difficulty to defendant as to the proper party to make settlement with, and might embarrass defendant in litigation with reference to who was in fact and in law the beneficial owner of the proceeds of said policy. It is further shown in said pleading that the fire that caused the destruction of the insured property was originated and caused by the consent and knowledge and procurement of the said insured, etc. Portions of the policy were also introduced. We copy one of the clauses, as follows: 'This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject matter thereof, or if the interests of the insured in the property be not correctly stated herein, and in any case of fraud or false swearing by the insured touching any matter relating to this insurance or the subject matter thereof, whether the same be before or after a loss." Portions of the supplemental petition of the plaintiff were also introduced. The first count was a general demurrer to defendant's answer; the second count, a general denial; and the third count a plea that defendant had waived all rights as pleaded by defendant as warranties and set out, etc. The judgment in that case showed that defendant recovered; that is, he defeated plaintiff in the suit, which presumably was on the ground that West had fraudulently caused the fire. We would observe in this connection that no creditor of West is named in the proceedings, nor was there any intervention by any creditor whatever; nor is it disclosed or suggested in the record that defend-

ant, Manchester Fire Insurance Company, in said civil suit would not have had the same defense, as far as it was concerned, against the suit of any transferee or holder of said policy, which it would have had against the insured West. The facts further fail to disclose, so far as we are able to discover, any debts at the time of the transfer by West to Maroney due by the said West to other parties. It may be conceded that the testimony abundantly shows that appellant, Maroney, swore falsely as to the payment by him to West of a valuable consideration for the transfer to him of said policy by West, but under all the authorities, as we understand them, the materiality of the false testimony must be averred in the indictment. This may be done in general terms; but its materiality must be proved by the evidence in the perjury trial. White's Ann. P. C., sections 328, 329. This may be done by introducing all the pleadings or so much thereof as sufficiently shows the materiality of the issue joined, or enough of the pleadings, together with the facts proved on the former trial, as would tend to show that the alleged false testimony was upon a material issue in the trial. 2 Bishop's Crim. Proc., sec. 935. This was not done. So far as we are advised, it was absolutely immaterial in said civil suit between Casey-Swasey Company and the Manchester Fire Insurance Company, whether the transfer of said policy was made with or without consideration as between West and Maroney, or as between Maroney and the plaintiff in that suit, the Casey-Swasey Company.

We note in this connection that the State relies on Insurance Co. v. Willis & Bro., 70 Texas, 12. It does not occur to us that that case is in point. That was a contest between Willis & Bro., who garnisheed the insurance company for a debt due them by the original insurer, Scott; but it seems that by the consent of the insurance company, before any loss by fire Scott had transferred the policy to Hargrave, who became ostensibly the owner of the insured property. In that case there was no question as to the fraudulency of the transfer of both the property and policy from Scott to Hargrave; that it was done to defeat the creditors of Scott, and both parties were instrumental in practicing a fraud upon the insurance company. It was held that this fraud practiced on the company vitiated the policy, and the garnisheeing creditors, Willis & Bro., could not recover. In this case there was no proof that West owed any debts, or that the transfer by him was with the intent to defeat any creditors. Nor in our opinion, does that clause in the policy "in case of any fraud or false swearing concerning this insurance or the subject matter thereof, whether the same be before or after the loss," affect the question. This has relation to the insured West. Nor would it affect him even as to the policy upon an immaterial matter. Phoenix Ins. Co. v. Sherman, 43 S. W. Rep., 930; Marion v. Insurance Co., 35 Mo., 148; Titus v. Insurance Co., 81 N. Y., 419; Sullivan v. Hartford Ins. Co., 89 Texas, 665.

Nor in our opinion does the record show that the testimony was in

anywise material as tending to mislead or deceive the insurance company as to the real beneficial ownership of said policy. In the absence of any showing of creditors of West, it is difficult to see how any complication could arise as to the ownership of said policy or the beneficial interests therein that would constitute a material issue.

However, it appears, since the submission of the case the prosecution has shifted its ground, and now contends that the alleged false testimony was material because it would tend to show that West, the original insured party, burned his house, and so defeat a recovery on the policy. If this be conceded as true, then, under a general allegation of materiality under the indictment and sufficient evidence adduced to show materiality, the position assumed would be correct. But, as we understand the indictment, it is not predicated upon a general assignment that the testimony was material; but the indictment proceeds to allege how said testimony was and became material. It is alleged to have been a material issue in the case whether or not the transfer of said policy from West to Maroney was made upon a valuable consideration; and it was averred that it was not upon a valuable consideration, but was made with intent to hinder, delay and defraud the creditors of said West. It being further averred in that connection that the said Maroney swore that the transfer was made by West to him for a valuable consideration due from West to him, to wit, certain borrowed money, amounting, principal and interest, to $1000. So that, the State having charged how said false testimony was material to the issue will be held to prove the allegations as laid in the indictment.

We would furthermore observe that if the indictment had set out the alleged false testimony, and then charged in general terms that it became and was upon a material issue in the case, then the evidence should show the materiality of said false testimony to some issue in the case, for, unless it be shown that the matter testified about could in some way affect the result of the suit, it could not be considered material. Meisner v. State, 34 Texas Crim. Rep., 588. That is, the question of materiality is for the court. But the record should contain enough of the testimony in order that the court might determine its materiality to some issue, and direct the jury accordingly. McAvoy v. State, 39 Texas Crim. Rep., 684.

We have examined the record in order to ascertain how the alleged false testimony would have aided the jury in said civil suit in determining whether or not West burned his house, which was insured. If West did not owe anything at the time of the fire, and the record does not disclose that he did (unless he owned Maroney) it does not occur to us in what way the transfer of his insurance policy subsequent to the fire to Maroney, with or without consideration, would tend to show that he set fire to and burned his house. The record, so far as we are able to discover, as stated above, does not aid us in solving this matter; and it falls far short of being sufficient to have authorized the judge in his

45 Crim.—34.

charge to the jury to have informed them that the alleged false testimony was material upon the issue of whether West burned his house in order to procure the insurance. We hold that the record before us fails to show that the alleged false testimony was upon any material issue in the case. The motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

BROOKS, JUDGE (Dissenting.)—I do not agree with the opinion of the majority granting the motion for rehearing and remanding this case, and will state my views.

Appellant insists that the question at issue in the civil suit in which the alleged perjury is charged to have been committed was the bona fides of the transfer of the policy sued on from Z. P. West to appellant. The transfer was made after the loss had occurred, and appellant's contention is that, under these facts it is immaterial whether the transfer of the policy was bona fide and for a valuable consideration, or was without consideration, and made with intent to defraud the creditors of Z. P. West. In other words, that the perjury is based upon an issue that was immaterial in the trial of the civil suit, and therefore can not be legally a basis for perjury. It appears that in the District Court of Comanche County, in a certain civil suit then on trial, styled Casey-Swasey Company, a corporation, plaintiff, v. Manchester Fire Insurance Company, a corporation, duly incorporated in England, and doing business by permit in the State of Texas, defendant, and after the issues were all made, the jury was sworn, etc., and in the course of the trial it then and there became a material issue whether Z. P. West transferred, assigned and delivered to J. T. Maroney the policy of insurance on which said then pending suit of Casey-Swasey Company v. said Manchester Fire Insurance Company was brought and predicated. The indictment in substance alleges that J. T. Maroney testified that he had loaned Z. P. West a thousand dollars, and that West transferred the policy, after the burning, to said Maroney to pay said amount. Subsequently Maroney transferred said policy to plaintiff in the civil suit, to wit, Casey-Swasey Company. That the statement by Maroney that he loaned said money was false; and that the transfer to said Maroney by West was for the purpose and intent on the part of both to hinder, delay and defraud the creditors of the said Z. P. West. Upon the trial, among other defenses set up by the defendant insurance company was this: the policy contract sued on, among other things, provides by warranty clause therein, as follows: "This insurance policy shall be void if insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof, or in case of any fraud or false swearing concerning this insurance or the subject matter thereof, whether the same be before or after a loss." Under the clause of defendant's answer just referred to, it certainly became a mate-

rial inquiry as to whether Maroney had a bona fide transfer of said policy from West. If he did not, then West had no right to transfer said policy, and West having no right to do so, Maroney would have no right to transfer it to the plaintiff. Goodson's testimony shows that the insolvency of West was thoroughly established.

Appellant refers us to various authorities holding that, in order to void this clause of an insurance policy, the evidence must show that the swearing was willfully done. These authorities, I take it, are correct, and in no way assist appellant's contention now urged, since the allegation in the indictment is that appellant willfully swore to said facts, and the proof clearly established the fact that he did willfully swear to said facts, and said facts were and are material inquiry in said civil suit.

In Willis & Bro. v. Insurance Company, 70 Texas, 12, the following were the facts: Scott obtained a policy of insurance on a house in Lampasas for one year from Hargrave, the local agent of the insurance company; and shortly thereafter Scott, with the consent of the company, transferred said policy to Hargrave, he having a short time before purchased the property insured from Scott and received a general warranty deed to the same. These transfers were made without consideration and with intent on the part of both Scott and Hargraves to defraud the creditors of Scott. But this intent was not known to the insurance company until after the destruction of the building by fire on August 14, 1884. On July 13, 1884, Hargrave made a general assignment of all his property, including that insured, to Henry Exall, for the benefit of Hargrave's creditors. The insurance company in no way consented to this assignment. Willis & Bro., who were creditors of Scott, brought suit against him and caused an attachment to be levied on the property insured, claiming that the transfer to Hargrave was fraudulent and void, and garnisheed the insurance company. Notice of the fire was given, and proof of the loss made by said Scott in proper form. He then claimed that the transfer of the property to Hargrave was intended as a mortgage; and the insurance company, through its general agent, denied all liability to Scott, and afterwards in answer to the garnishement denied under oath that it was indebted or in any way liable to Scott on the policy of insurance, which answer was controverted by Willis & Bro. by written affidavit. Under this state of facts, the court say: "Was appellant liable on its policy to the creditors of Scott? The company was induced to give its consent to the transfer of the policy upon the false representation that Hargrave had become the owner of the property insured, while the proof showed that the understanding was that the transfer from Scott to Hargrave should be a mere cover to enable Scott to effect a favorable compromise with his creditors, he being at the time largely indebted; and no consideration having passed, the transfer was fraudulent and void as to his creditors. In the policy it was provided 'that all fraud or attempted fraud by false swearing or otherwise, shall be a complete bar to any recovery from loss under it.' The com-

pany doubtless understood, and it was without doubt, intended by Scott and Hargrave that it should understand, that there had been a complete and valid transfer of the property as to all persons but it being invalid as to the creditors of Scott, created such a state of confusion and doubt as to the ownership of the property as rendered it hazardous to pay the loss to anyone. This was to the disadvantage and detriment of the company and calculated to provoke litigation, and being induced by false representations was a fraud upon it, which it had provided against in its policy." It was held in that decision that Willis & Bro. could not recover by sheer force of the fraud perpetrated by Scott and Hargrave. The clause that the insurance company defended on in the civil suit, out of which this perjury grew, stated that any fraud or false swearing, either before or after the loss, would vitiate the policy. So it will be seen that the clause relied upon to vitiate the policy now under consideration is much broader in its scope and terms than the clause of the policy relied upon in Willis & Bro. v. Insurance Company. Certainly it was a material inquiry in said civil suit, and hence was a legal and proper basis for the indictment for perjury, as held in the original opinion. In my opinion the motion for rehearing should be overruled.