ARNETT MARTIN v. THE STATE.

No. 9077. Delivered June 10, 1925.

**1.—Perjury—Charge of Court—Materiality of Testimony.**

Where on a trial for perjury the materiality of the alleged false testimony is obvious it is not necessary for the court to submit the issue of its materiality for the determination of the jury. While the materiality of the testimony is usually a question of law to be determined by the court, in some cases it may become a mixed question of law and fact. In the instant case there was no issue as to the materiality of the false testimony, and the court's charge thereon was correct.

**2.—Same—Requested Charges—Covered in Main Charge—Properly Refused.**

Where the issues presented in requested charges have been fairly and correctly covered in the court's general charge, such special charges are properly refused. All defensive issues having been fairly and correctly submitted, the court did not err in refusing the several special charges requested by appellant.

**3.—Same—Reopening Case—Discretion of Court.**

It is within the sound discretion of the trial court to reopen the case, and hear testimony either on behalf of the state or appellant before the final conclusion of the trial. In the instant case additional testimony was received by the court before the argument was begun, and no abuse of the court's discretion is shown.

**4.—Same—Trial Court—Colloquy with Attorneys—Practice Condemned.**

It is not proper practice for the trial court to engage in colloquies with attorneys during the trial in matters not properly related to the trial, and while the colloquy of the court in this case with an attorney aiding the defense was unseemly and unwarranted, as is shown by appellant's bill of exception, we are not prepared to say that it was of such an injurious character to appellant's rights, as to require a reversal of the case.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of perjury; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was indicted and convicted in the district court of Bowie County for the offense of perjury and his punishment assessed at confinement in the penitentiary for a term of two years.

We have carefully examined the appellant's motion to quash the indictment and have reached the conclusion that same was properly overruled. The indictment follows the statute and the approved form and was sufficient to charge the offense of perjury.

By bill of exception No. 2, appellant complains because the court's charge did not furnish the jury with any guide or direction to enable them to determine from the charge whether the testimony alleged in the indictment to have been given by the defendant and alleged to be false was material to the issues in the case in which the testimony was given.

The question of the materiality of the alleged false testimony in a perjury case is usually a question of law to be determined by the court although in some cases it may become a mixed question of law and fact. In this case, we think there was no issue as to the materiality of the false testimony and the court's charge thereon was correct.

By proper bill, appellant complains at the court's refusal to give his special charge No. 3, to the effect that if the jury believed that Arnett Martin in the case of the State of Texas v. Floyd, testified that he saw Floyd drive a Ford Car and stop it on third street, and leave the engine running and go on across toward the City Hall but that in fact Floyd did not leave the car and was not on third street and did not go to the City Hall, but that Martin, the appellant was mistaken in recognizing Floyd he would not be guilty. This identical question was pertinently and properly submitted by the court in his main charge to the jury. The same question in a different form was tendered by appellant in his special charge No. one, and was properly refused because it was covered by the court's main charge.

By bill of exception, appellant claims that the court erred in refusing to tell the jury that a false statement made through inadvertence or under agitation or by mistake is not perjury. In the court's main charge, the court after setting out the alleged false testimony charged on the question of honest mistake and charged in connection

therewith the doctrine of reasonable doubt and the charge as thus given fully protected appellant's right in the matter complained of.

By bill of exceptions No. 6, appellant complains at the court's action in permitting the State to reopen the case and introduce further testimony showing motive on appellant's part for the giving of the false testimony in the case of the State v. Floyd. This additional testimony was received by the court before the argument was concluded and before the argument had even begun, and it was within the sound discretion of the court to receive such additional testimony and the bill of exceptions shows no abuse of the court's discretion in this matter.

The observation just made will apply with equal force to bill No. 7.

Bill No. 8 complains at the court's action in engaging in a colloquy with an attorney who was not employed in the case but who at the request of appellant's counsel made some suggestions to appellant's counsel with reference to the conduct thereof. The colloquy as disclosed by this bill was unseemly and we think unwarranted, but we are not prepared to say it in any manner affected the appellant's rights.

Finding no error in the record, it is our opinion that the judgment of the trial court should be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.