The STATE of Texas, Appellant,

v.

Billy ROSENBAUM, Appellee.

No. 974–93.

Court of Criminal Appeals of Texas, En Banc.

Nov. 30, 1994.

Opinion Adopting Dissent on Grant of Rehearing Dec. 6, 1995.

Dick DeGuerin, Houston, for appellant.

Jim W. James, Sp. Prosecutor, Bryan, Robert Huttash, State's Atty. and Carl E.F. Dally, Former First Asst. State's Atty., Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

Appellee was indicted for aggravated perjury pursuant to Texas Penal Code Ann.

§ 37.03. Prior to trial, appellee filed a motion to determine the validity of the State's evidence of materiality of the alleged false statements in the indictment and a motion to quash the indictment. The trial court conducted a pretrial hearing on appellee's motions and ordered the allegations of materiality in the indictment quashed. The Court of Appeals for the Fourteenth Judicial District affirmed the judgment of the trial court. *State v. Rosenbaum*, 858 S.W.2d 22 (Tex. App.—Houston [14th Dist.] 1993). We granted the State's petition for discretionary review to determine whether a defendant may raise a pretrial challenge to the State's evidence of materiality in an aggravated perjury indictment where the materiality allegation in the indictment is valid on its face, thus requiring the State to prove materiality prior to a trial on the merits.[1] We will affirm.

A grand jury indicted appellee, Sheriff of Washington County, for aggravated perjury.[2] Appellee filed two pretrial motions: Motion for Pretrial Determination of Materiality of Alleged False Statements (Motion for Pretrial Determination of Materiality) and Combined Motion to Dismiss or Quash the Indictment and Objection to Materiality of False Statements (Combined Motion to Quash). In his Motion for Pretrial Determination of Materiality, appellee moved the court to hold a pretrial hearing to determine, as a question of law, the materiality of appellee's alleged

1. This case has come before this Court on three separate occasions. The Fourteenth Court of Appeals dismissed the State's first appeal, holding that the State's Notice of Appeal was not timely filed. *State v. Rosenbaum*, No. A14–90–0061–60–CR, 1990 WL 122113 (Tex.App.—Houston [14th Dist.], August 23, 1990) (unpublished). We granted the State's petition for discretionary review, reversed the judgment of the court of appeals, and remanded to the court of appeals. *State v. Rosenbaum*, 818 S.W.2d 398 (Tex.Crim. App.1991). On remand, the court of appeals dismissed the State's appeal on the grounds that the Notice of Appeal had been signed by the Special Prosecutor instead of the recused District Attorney. *State v. Rosenbaum*, 830 S.W.2d 793 (Tex.App.—Houston [14th Dist.] 1992). The State's second petition for discretionary review was granted, and we again reversed the judgment of the court of appeals and remanded to the court of appeals. *State v. Rosenbaum*, 852

S.W.2d 525 (Tex.Crim.App.1993). On remand, the court of appeals held that the trial court had properly resolved the issue of materiality of the allegations in the indictment in a pretrial hearing. *State v. Rosenbaum*, 858 S.W.2d 22 (Tex. App.—Houston [14th Dist.] 1993). The State petitioned for discretionary review a third time, which we granted and now address in this opinion.

2. Tex. Penal Code Ann. § 37.03, Aggravated Perjury, states:

(a) A person commits an offense if he commits perjury as defined in Section 37.02 of this code, and the false statement:
   (1) is made during or in connection with an official proceeding; and
   (2) is material.
(b) An offense under this section is a felony of the third degree.

false statements.[3] Appellee moved the court to dismiss the indictment if the court found the statements not material since the district court would no longer have jurisdiction.[4] In his Combined Motion to Quash, appellee moved the court to dismiss or quash the indictment and to hold that the alleged false statements were not material. In this motion, appellee argued that the indictment was void on its face, the indictment failed to give appellee adequate notice, and the statements alleged were not material to any matter then under inquiry. The trial judge set a pretrial hearing on both motions, and at the hearing he considered the two motions as one.

At the pretrial hearing, appellee called as a witness Blondean Kuecker, the District Clerk of Washington County. Kuecker testified regarding the grand jury records and indictments relevant to appellee's case. Counsel for appellee introduced appellee's testimony before the grand jury that indicted him for aggravated perjury and his testimony before an earlier grand jury where he allegedly perjured himself. The prosecutor called himself as a witness and testified about the grand juries and the indictments involved in appellee's case. After listening to the testimony and the arguments of counsel, the trial judge determined that appellee's testimony could not have affected the course or outcome of the investigation. In his order, the trial judge found no factual basis on which the grand jury could conclude that the statements were material. The trial court found, as a matter of law, that the statements were not material and ordered the allegations of materiality in the indictment quashed, leaving allegations accusing appellee of misdemeanor perjury. The State then appealed that order to the court of appeals.

The court of appeals held that the trial court had legal authority to hold the pretrial hearing on materiality and make the legal determination pursuant to Articles 27.02, 27.03, and 28.01 of the Texas Code of Criminal Procedure. *Rosenbaum*, 858 S.W.2d at 24.

The State contends that the court of appeals erred in concluding that the trial court may require the State to prove materiality *prior* to trial. The State does not specifically address the court of appeals' interpretation of Articles 27.02, 27.03, and 28.01 of the Texas Code of Criminal Procedure. Instead, while the State agrees with the premise that materiality is a question of law, it disagrees with the court of appeals' conclusion that a trial court may quash a facially valid allegation of materiality at a pretrial hearing.

The state supports its argument with three lines of reasoning. First, the State argues that the court of appeals' decision conflicts with established Texas practice. Second, the State contends that the court of appeals' decision is inconsistent with federal case law and case law in other states. Third, the State argues that, although materiality is a question of law, the resolution of that legal issue will invariably be closely intertwined with questions of fact. Appellee argues that the court of appeals correctly interpreted Articles 28.01, 27.02, and 27.03 of the Texas Code of Criminal Procedure in concluding that the trial court had authority to determine the issue of materiality pretrial. In addition, Appellee contends that the authorities cited by the State do not address the issue at hand, that is, whether the trial court properly determined materiality pretrial.

Both appellee's pretrial motions involved a determination of materiality of the alleged statements. In a criminal case, unless otherwise provided in the Texas Code of Criminal

---

3. Tex. Penal Code Ann. § 37.04 defines "materiality" as follows:

    (a) A statement is material, regardless of the admissibility of the statement under the rules of evidence, if it could have affected the course or outcome of the official proceeding.

    (b) It is no defense to prosecution under Section 37.03 of this code (Aggravated Perjury) that the declarant mistakenly believed the statement to be immaterial.

    (c) Whether a statement is material in a given factual situation is a question of law.

4. Without the allegation of materiality, appellee is charged with misdemeanor perjury. *Compare* Tex. Penal Code § 37.02 *with* § 37.03. District courts do not have jurisdiction over misdemeanor perjury cases. Tex.Code Crim.Pro.Ann. art. 4.05.

Procedure, the jury is the exclusive judge of the facts. Tex.Code of Crim.Proc.Ann. art. 36.13. However, Section 37.04(c) of the Texas Penal Code explicitly provides that "whether a statement is material in a given factual situation is a question of law." The trial court must determine, as a matter of law, whether the allegedly false statement *could have* affected the course or outcome of the proceedings. Tex.Penal Code Ann. § 37.04(a) (emphasis added); *Mitchell v. State*, 608 S.W.2d 226, 228 (Tex.Crim.App. 1980). Materiality is distinguishable from other elements the State typically must prove in a criminal trial. As this Court stated in *Yarbrough v. State*, 617 S.W.2d 221, 228 (Tex.Crim.App.1981), "The question of materiality does not depend on the probative value of the evidence." It has also been held that a factual evidentiary showing establishes the basis for the materiality of a statement, but "the ultimate finding of materiality turns on an interpretation of substantive law." *United States v. Abadi*, 706 F.2d 178, 180 (6th Cir.1983), *cert. denied*, 464 U.S. 821, 104 S.Ct. 86, 78 L.Ed.2d 95 (1983); *see Sinclair v. United States*, 279 U.S. 263, 298, 49 S.Ct. 268, 273, 73 L.Ed. 692 (1929).

While both of appellee's motions involve a determination of materiality, we will discuss them separately. The court of appeals considered both motions together as the trial judge did in the pretrial hearing. This has created some confusion in the appeals process. In short, the major portion of the State's brief addresses the issue raised in appellee's Combined Motion to Quash and appellee's brief addresses the issue raised in his Motion for Pretrial Determination of Materiality. In his Combined Motion to Quash, appellee requested a ruling on the sufficiency of the evidence to support the materiality allegation in the indictment. In his Motion for Pretrial Determination of Materiality, appellee requested a pretrial ruling on materiality as a matter of law. The motions are distinct in the type of evidence the court may

consider in its determination and the standard applied by the court in evaluating the evidence. When determining the sufficiency of evidence to support a materiality allegation in an indictment pursuant to a motion to quash, the court may not look beyond the face of the indictment. The court need only determine whether the indictment generally alleges materiality. However, when ruling on materiality as a question of law, the court may go beyond the face of the indictment and consider, for example, the transcript of prior proceedings or the testimony from witnesses at the proceedings.[5] In addition, the State must meet a more rigorous evidentiary standard.[6]

## A. Combined Motion to Quash

The State argues that the court of appeals' opinion conflicts with established Texas practice. Specifically, the State contends that a defendant may not make a pretrial attack upon the sufficiency of the evidence presented to the grand jury to support the allegations in the indictment. While the State is correct in this statement of the law, only appellee's Combined Motion to Quash attacked the sufficiency of the evidence before the grand jury. In contrast, appellee's Motion for Pretrial Determination requested a pretrial ruling on a matter of law, the materiality of the alleged false statements and did not attack the sufficiency of the evidence before the grand jury.

To support its argument that the court of appeals' decision conflicts with established Texas practice, the State cites cases where the defendants' claims were based on insufficiency of evidence to support indictments. *Ex Parte Millard*, 587 S.W.2d 703, 705 (Tex. Crim.App.1979) (indictment void because it failed to allege elements of a crime where name of property owner alleged where defendant's name should have been alleged); *Crocker v. State*, 573 S.W.2d 190, 204 (Tex. Crim.App.1978) (motion to quash assault indictment denied even though grand jury did

---

5. *See United States v. Damato*, 554 F.2d 1371, 1373 (5th Cir.1977).

6. *See* Tex. Penal Code Ann. § 37.04(a).

not have witnesses or testimony before it upon which to predicate its finding); *Carpenter v. State*, 477 S.W.2d 22, 23 (Tex.Crim.App.1972) (court may not look beyond face of murder indictment to see if sufficient evidence to support it); *Bourland et al. v. State*, 133 Tex.Crim. 544, 112 S.W.2d 720 (App.1937) (theft indictment quashed because it did not describe property that was subject of theft); *Ritter v. State*, 76 Tex.Crim. 594, 176 S.W. 727 (App.1915) (forgery indictment facially tested to determine if gave adequate notice to accused). We find these authorities controlling with respect to appellee's Combined Motion to Quash and hold that the court of appeals erred in affirming the trial court's consideration of evidence beyond the face of the indictment to test the sufficiency of the materiality allegations.

This holding is consistent with federal decisions where materiality is also a question of law.[7] *E.g., United States v. Cole*, 784 F.2d 1225 (4th Cir.1986) (indictment for felony perjury sufficient if it simply alleges that the testimony was material without stating how it was material); *United States v. Coiro*, 785 F.Supp. 326 (E.D.N.Y.1992) (perjury indictment sufficient because government only had to make general statement that the matter was material); *United States v. Clarke*, 464 F.Supp. 749 (M.D.Florida 1979) (government need not allege in detail the facts relied upon to support materiality allegation for purposes of sufficiency of indictment). Our holding is also consistent with decisions from other states. *E.g., Smallwood v. State*, 584 So.2d 733, 737–38 (Miss.1991) (indictment sufficient even though failed to allege that words which constituted the alleged perjury were material to any issue in grand jury proceedings); *State v. Cameron*, 456 A.2d 8, 9 (Me.1983) (perjury indictment sufficient if contained a general allegation of materiality as long as possibility of materiality is apparent from face of indictment).

Appellee concedes that the decisions from other states cited by the State "stand for the proposition that a perjury indictment may be valid by merely alleging that the false statements were material without including the facts supporting the allegation of materiality." However, appellee argues these cases do not preclude the trial court from determining materiality as a question of law pretrial. We agree. While appellee's Combined Motion to Quash is an attack on the sufficiency of the evidence to support an indictment, his Motion for Pretrial Determination of Materiality is a request for a pretrial ruling on a matter of law.

## B. Motion for Pretrial Determination

The sole authority cited by the State that directly addresses the issue presented in appellee's Motion for Pretrial Determination is *United States v. Raineri*, 521 F.Supp. 16 (W.D.Wisconsin 1980). In *Raineri*, the United States District Court in Wisconsin adopted the findings and recommendations of the United States magistrate below without amendment. The defendant in *Raineri* moved for dismissal of the perjury count in the indictment on the ground that the allegedly false statements were not material. The magistrate found that the indictment contained a well-pled allegation of materiality and thus was immune from an attack on sufficiency grounds. *Id.* at 28. This comports with our holding above regarding appellee's Combined Motion to Quash.

In addition, like appellee in his Motion for Pretrial Determination of Materiality in the case at hand, the defendant in *Raineri* requested a determination in advance of trial that his false statements to the grand jury did not constitute a crime because, as a matter of law, they were not material to the grand jury's investigation. The defendant contended that the issue was appropriate for pretrial examination because materiality is a question of law. While agreeing that materiality is a question of law, the court concluded that "it does not follow ... that a court ought

7. 18 U.S.C. § 1623 (1988); *Kungys v. United States*, 485 U.S. 759, 772, 108 S.Ct. 1537, 1547, 99 L.Ed.2d 839 (1988); *Sinclair v. United States*, 279 U.S. 263, 298–99, 49 S.Ct. 268, 273, 73 L.Ed. 692 (1929).

normally decide the question in advance of trial." *Id.* at 28. The court held, without citing authority, that "a determination of the materiality of defendant's alleged false testimony ... can most appropriately be made at trial, where the trial judge can assess the matter on the basis of all evidence bearing upon materiality, including evidence relevant to other counts of the indictment." *Id.* at 28.

We are not persuaded by the decision in *Raineri.* Not only did the court fail to cite any authority for its holding, it also disregarded relevant federal case law on the issue of materiality. Many of the federal circuit courts have held that, since the issue of materiality is a question of law to be decided by the court rather than an issue for the jury to determine, the court should receive evidence bearing solely on materiality outside the presence of the jury. *E.g., United States v. Vap,* 852 F.2d 1249 (10th Cir.1988); *United States v. Dennis,* 786 F.2d 1029, 1041 (11th Cir.1986), *cert. denied,* 481 U.S. 1037, 107 S.Ct. 1973, 95 L.Ed.2d 814 (1987); *United States v. Jackson,* 640 F.2d 614, 617 (8th Cir.1981), *cert. denied,* 454 U.S. 1057, 102 S.Ct. 605, 70 L.Ed.2d 594 (1981); *United States v. Hansen,* 583 F.2d 325, 333 (7th Cir.1978), *cert. denied,* 439 U.S. 912, 99 S.Ct. 283, 58 L.Ed.2d 259 (1978); *United States v. Dipp,* 581 F.2d 1323, 1328 (9th Cir.1978), *cert. denied,* 439 U.S. 1071, 99 S.Ct. 841, 59 L.Ed.2d 37 (1979); *United States v. Damato,* 554 F.2d 1371, 1373 (5th Cir.1977).

If we accept that it is within the province of the judge, not the jury, to hear evidence bearing on materiality, the issue in this case is one of timing: When should the judge hear the materiality evidence? At a pretrial hearing? At a hearing on the day of trial? In *Vap,* the court of appeals held that the district court erred in denying the defendant's motion to conduct a pretrial materiality hearing and allowing the jury to be present during the materiality hearing. *United States v. Vap,* 852 F.2d at 1249. Most federal courts have allowed juries to hear evidence on materiality *only if* that evidence is relevant to another issue properly before the jury. *E.g., id.* (citing *United States v. Langella,* 776

F.2d 1078, 1081 (2nd Cir.1985), *cert. denied,* 475 U.S. 1019, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986); *Harrell v. United States,* 220 F.2d 516, 520 (5th Cir.1955)). In both federal and Texas courts, the prosecution bears the burden of proof in establishing materiality. Usually, the prosecution meets it burden of proof by entering the transcript of the prior proceedings into evidence, or by presenting testimony from persons who witnessed the proceedings. *United States v. Damato,* 554 F.2d at 1373 (citations omitted). A pretrial materiality hearing conducted outside the presence of the jury reduces the danger of prejudice to the defendant which could result from placing the transcript of a prior proceeding or testimony of a grand juror before the jury. *United States v. Dipp,* 581 F.2d at 1328 (trial judge reviewed entire transcript in pretrial hearing on materiality; jury received only excerpt containing allegedly false testimony). Here, the State has not alleged that any of the evidence on materiality was relevant to a proper jury issue. In the case at hand as in *United States v. Hansen,* "Nothing appears in the record to suggest why it was necessary that the matter of materiality be heard by the jury." 583 F.2d at 334. Thus, the court of appeals did not err in affirming the trial court's receipt of evidence bearing on materiality at a pretrial hearing pursuant to appellee's Motion for Pretrial Determination of Materiality.

## C. Mixed Question of Fact and Law

Finally, the State argues that, although materiality is a question of law, the resolution of that legal issue will invariably be closely intertwined with questions of fact. The State contends that the resolution of the materiality issue is analogous to a ruling on a motion for a directed verdict of acquittal: Neither may fairly be resolved until after the full presentation of the State's evidence at a trial on the merits.

We are aware of only one case supporting the State's contention. In an 1898 perjury case, *McAvoy v. State,* 47 S.W. 1001, 1002 (Tex.Crim.App.1898), this Court held that since the materiality of the statements de-

**940**

pended on a number of facts, the trial judge should have submitted the facts to the jury and instructed them that, if they found the facts to be true, then the alleged false testimony was material. In every other perjury case we are aware of, the materiality of the statements was a question of law to be determined by the court alone. *E.g., Lee v. State,* 123 Tex.Crim. 32, 57 S.W.2d 123 (App.1933) (no error for court to tell the jury in charge that alleged false testimony was material); *Martin v. State,* 101 Tex.Crim. 77, 273 S.W. 855 (App.1925) (no error for court to determine materiality without assistance of jury). In *Luna v. State,* 44 Tex.Crim. 482, 72 S.W. 378, 379 (App.1903), this Court held that the trial court's submission of the question of materiality to the jury was "fatally erroneous." In *Yarbrough v. State,* 617 S.W.2d 221, 228 (Tex.Crim.App.1981), the judge instructed the jury that the statement by the defendant, if made, was material. On appeal, this Court rejected the defendant's contention that the judge should have instructed the jury to determine whether the statement was material. The trial judge's instructions were not error because the testimony of the grand jurors indicated that the defendant's false statement could have affected the course of the proceedings. Therefore, the trial judge, not the jury, properly determined that the statement was material.

In accord with the decisions discussed above, a jury should not be present at a materiality determination unless the State alleges that the evidence on materiality is relevant to a jury issue. Here, the State has made no such allegation, nor has it alleged,

as in *McAvoy,* that the materiality of the appellee's statements depended on a number of facts that the trial judge should have submitted to the jury with instructions that, if they found the facts to be true, then the alleged false statements were material. Absent any such allegation on the part of the State, we find that the court of appeals did not err in affirming the trial judge's consideration of materiality pretrial pursuant to appellee's Motion for Pretrial Determination of Materiality.

Accordingly, we hold that the court of appeals did not err in concluding that the trial court had authority both to hold the pretrial hearing and make the legal determination with respect to appellee's Motion for Pretrial Determination. *State v. Rosenbaum,* 858 S.W.2d 22, 24 (Tex.App.—Houston [14th Dist.] 1993). In its discussion of both of appellee's motions together, the court of appeals relied on Article 28.01 of the Texas Code of Criminal Procedure which provides that a "court may set any criminal case for a pre-trial hearing before it is set for trial."[8] At a pretrial hearing, a court may resolve the "pleadings of the defendant" and "exceptions to the form or substance of the indictment." Tex.Code Crim.Proc.Ann. art. 28.01 § 1. Pursuant to Article 27.02, a defendant's pleadings include any motions or pleadings that are permitted to be filed by law.[9] The court of appeals reasoned that because a "motion to quash" or a "motion to dismiss" can reasonably be regarded as coming within the purview of Article 27.02, the trial court had the authority to hear appellee's motion, citing *State v. Eaves,* 800 S.W.2d 220, 223

---

**8.** Tex.Code Crim.Proc.Ann. art. 28.01 provides in relevant part:

The pre-trial hearing shall be to determine any of the following matters:
(1) Arraignment of the defendant, if such be necessary; and appointment of counsel to represent the defendant, if such be necessary;
(2) Pleadings of the defendant;
(3) Special pleas, if any;
(4) Exceptions to the form or substance of the indictment or information;
(5) Motions for continuance either by the State or defendant ...;
(6) Motions to suppress evidence ...;
(7) Motions for change of venue ...;

(8) Discovery;
(9) Entrapment; and
(10) Motion for appointment of interpreter.

**9.** Tex.Code Crim.Proc.Ann. art. 27.02 provides in relevant part:

The pleadings and motions of the defendant shall be:
(1) A motion to set aside or an exception to an indictment or information for some matter of form or substance;

\*     \*     \*     \*     \*     \*

(8) Any other motions or pleadings that are by law permitted to be filed.

(Tex.Crim.App.1990). The court of appeals further concluded that, since materiality is a question of law, Tex.Penal Code Ann. § 37.04, and judicial power embraces "(1) the power to hear facts, (2) the power to decide issues of fact made by the pleadings, (3) *the power to decide questions of law involved,* (4) the power to enter a judgment ... and (5) the power to execute the judgment or sentence," the trial court properly heard appellee's motion. *State v. Rosenbaum,* 858 S.W.2d at 24 (quoting *Kelley v. State,* 676 S.W.2d 104, 107 (Tex.Crim.App.1984)) (emphasis added by Court of Appeals).

We agree that appellee's Combined Motion to Quash fell within the purview of Article 28.01 since a motion to quash is a "pleading of the defendant" as defined in Article 27.02. However, we hold that, while the trial court had *authority* to hold a hearing pursuant to the Combined Motion to Quash, it improperly conducted an evidentiary hearing in which it considered evidence beyond the four corners of the indictment.

In addition, we agree with the court of appeals that the trial court had authority both to hold the pretrial hearing and make the legal determination with respect to appellee's Motion for Pretrial Determination of Materiality. Since the trial court had the authority to determine materiality as a question of law, we hold that appellee properly filed a motion requesting the court to make that determination. Thus, the Motion for Pretrial Determination fell within Article 28.01(2) as a "pleading of the defendant," defined by Article 27.02(8) as including any "motions or pleadings that are by law permitted to be filed." [10]

## D. Conclusion

With respect to appellee's Combined Motion to Quash, we hold that the court of appeals erred in concluding that the trial court had authority to consider evidence beyond the face of the indictment to test the sufficiency of the materiality allegations. With respect to the Motion for Pretrial Determination of Materiality, we hold that the court of appeals did not err in concluding that the trial court had authority to hold the pretrial hearing, hear evidence regarding materiality, and make the legal determination. The trial court heard both motions together, made a pretrial ruling on materiality and quashed the portion of the indictment relating to materiality. The court of appeals held that the trial court properly heard the motions in a pretrial hearing and made the appropriate legal determination. While we hold that the court of appeals erred in concluding that the pretrial evidentiary hearing on materiality was authorized with respect to the Combined Motion to Quash, the court of appeals correctly concluded that the pretrial evidentiary hearing was authorized with respect to the Motion for Pretrial Determination of Materiality. Notwithstanding the court of appeals' error with respect to the Combined Motion to Quash, the outcome of its holding is unchanged, that is, affirming the trial court's order to quash the materiality allegations in the indictment. Even if the trial court had treated the two motions separately, it still would have determined, pursuant to the Motion for Pretrial Determination of Materiality, that the statements were not material as a matter of law and ordered the allegations of materiality in the indictment quashed. Accordingly, we affirm the judgment of the court of appeals and remand to

10. We also note that Article 28.01 is not an exhaustive enumeration of the issues that a court may determine prior to trial. For example, a defendant is entitled to a pretrial hearing to determine competency, indigency, and bail, though not mentioned in Article 28.01. While Judge Clinton, in his dissent, acknowledges that Article 28.01 is not exhaustive, he nevertheless argues that any matter not expressly listed in Article 28.01 or in Article 27.02 cannot be litigated pretrial. The dissent would have us return to the pre-Article 28.01 period by preventing trial judges from conducting pretrial hearings on any pleading of the defendant not expressly mentioned in 28.01 or 27.02.

the trial court for further proceedings consistent with this judgment and opinion.[11]

### DISSENTING OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge, dissenting.

We granted review on a single question, *viz:*

"Where the materiality allegation in an aggravated perjury indictment is valid on its face, may a defendant raise a pretrial challenge to the State's evidence of materiality, and thus require the State to prove materiality prior to trial on the merits?"

The Court ultimately answers in the affirmative, by construing our statutory scheme governing formal pretrial proceedings to reach a result that denies correlative rights for a fair trial to hear and resolve disputed issues by a final judgment of the court. I write to examine and critique the effective *ratio decidendi.*

### I

The declaration in V.T.C.A.Penal Code, § 37.04(c) that "whether a statement is *material* in a given fact situation is a *question of law,*" simply restates prior case law. Practice Commentary, 4 V.T.C.A. at 52 (1974).[1]

According to cases early and late, the general rule is that materiality of the matter assigned as perjury is for determination by the judge, and not the jury—unless "so mingled with the facts that the court should submit it, with proper instructions upon the law, to the jury;" otherwise, having found materiality, the court is obliged to instruct the jury that the matter is "material." [2] None suggests the court may determine that issue pretrial, although the motion to set aside, and the exception to substance as well, have been authorized since O.C. 483 and 487, respectively. Section 37.04(c) is a codification of a "long and well established line of cases," and this Court has accordingly held where there are no facts in controversy the trial court properly instructs the jury that the alleged perjurious statement is "mater-ial." *Yarbrough v. State,* 617 S.W.2d 221, at 228 (Tex. Cr.App.1981). See generally *Mitchell v. State,* 608 S.W.2d 226 (Tex.Cr.App.1980).

### A

The issue is whether the court of appeals correctly decided that *the pretrial pleadings here* served to *authorize the trial court to determine conclusively* whether an alleged perjurious statement is "material." *State v. Rosenbaum* 858 S.W.2d 22, at 24 (Tex.App.— Houston [14th] 1993).[3] The opinion of this

---

**11.** We note that the indictment now, without the materiality allegations, alleges misdemeanor perjury. *Compare* Tex. Penal Code § 37.02 *with* § 37.03.

**1.** All emphasis here and throughout this opinion is mine unless otherwise noted.

**2.** The cases, though legion, predate the 1965 code of criminal procedure and the 1973 penal code, e.g., *Donohoe v. State,* 14 Tex.App. 638 (1883); *Jackson v. State,* 15 Tex.App. 579, at 580 (1884); *Davidson v. State,* 22 Tex.App. 372, 3 S.W. 662, at 665 (1886); *Washington v. State,* 23 Tex.App. 430, 5 S.W. 119, at 120 (1887); *Sisk v. State,* 28 Tex.App. 432, 13 S.W. 647, at 649 (1890); *Rahm v. State,* 30 Tex.App. 310, 17 S.W. 416, at 417 (1891); *Foster v. State,* 32 Tex.Cr.R. 39, 22 S.W. 21, at 22 (1893); *Scott v. State,* 35 Tex.Cr.R. 11, 29 S.W. 274 (1895); *McAvoy v. State,* 39 Tex.Cr.R. 684, 47 S.W. 1000, at 1002 (1898); *Luna v. State,* 44 Tex.Cr.R. 482, 72 S.W. 378, at 379 (1903); *Jones v. State,* 76 Tex.Cr.R. 398, 174 S.W. 1071, at 1073 (1915); *Martin v. State,* 101 Tex.Cr.R. 77, 273 S.W. 855 (1925);

*Lee v. State,* 123 Tex.Cr.R. 32, 57 S.W.2d 123, at 124 (1933); *Smith v. State,* 158 Tex.Cr.R. 487, 256 S.W.2d 578, at 581 (1953).

**3.** The pretrial pleadings *together* frame the issue presented by the ground for review, and base the determination by the trial court and the holdings and conclusion of the court of appeals.

Appellee caused first to be filed his "Motion for Pretrial Determination of Materiality of Alleged False Statements." Tr. 12 ff. He requested a hearing, asserting that a finding that the statements are not material would strip the court of jurisdiction and "the *indictment* should be *dismissed.*" *Ibid.* The pleading *incorporated by reference* his second motion, and prayed for "an evidentiary hearing for pretrial determination of materiality[.]" *Ibid.*

His second motion is styled "Combined Motion to Dismiss or Quash the Indictment and Objection to Materiality of Alleged False Statements." Tr. 16 ff. It contains two sections: "1. The Indictment is Void on Its Face" and "2. Lack of Notice," subsection c. of which is entitled "Mate-

Court on that issue essentially builds on the rationale developed by the court of appeals. Opinion, at 940–41.

After reviewing general jurisdictional powers of a trial court, the court of appeals focused on procedural provisions in Article 28.01, § 1(2) (pleadings of defendant)—thus incorporating a more definitive description in Article 27.02(8) (motions or pleadings permitted by law)—and in Article 28.01, § 1(4) (exceptions to form or substance in charging instrument). It also alluded to certain judicial powers to decide particular matters. Then the court concluded that the motions authorized the trial court to hold the hearing and to make the legal determination that the perjurious testimony was not shown to be "material." *State v. Rosenbaum,* supra, at 24. To examine and analyze statutory ingredients forming the basis for its conclusion, I now turn.[4]

**B**

Article 28.01, V.A.C.C.P., bestows discretion in a trial court to set a criminal case and to order a sort of "omnibus" pretrial conference and hearing to "determine" certain prescribed matters—a procedural innovation in our practice.[5] The statute lacks, as former Presiding Judge Onion early discerned, "detailed provisions for the procedure and scope of such [designated matters]." *Bosley v. State,* 414 S.W.2d 468, at 470 (Tex.Cr.App. 1967). Manifestly, Article 28.01 does not initially vest, but presupposes, existing jurisdiction, power and authority to hear and determine any matter prescribed therein; it merely provides an expedient occasion to exercise them contemporaneously at one sitting. Sanctions serve to induce the parties, especially the defendant, timely to prepare and cause to be filed papers raising all germane matters, and to present them at the hearing; failing that the party is precluded from doing so thereafter without leave of court. *Id.,* §§ 1 and 2.

Article 28.01, § 1 does not specifically identify, as a matter to be determined pretrial, "materiality" of a statement alleged to be perjury. Compare, for example, § 1(9) prescribing the defense of "entrapment;" see *Taylor v. State,* 886 S.W.2d 262 (Tex.Cr.App. 1994). Whether Article 28.01 may be said to provide for resolution of "materiality" of an alleged perjurious statement depends on that which is respectively included in the terms "pleadings of the defendant" and "exceptions

riality." Following an extensive argument the latter concludes that "the 'false statements' would not be material, and the Court should so rule as a matter of law." *Ibid.* The prayer requests hearing, holding the "false statements" immaterial, and ordering "the *indictment dismissed." Id.,* at 23.

The court, upon hearing evidence, entered an order making findings of fact and conclusions of law determining that the alleged false statements were not material, and accordingly:

"[A]llegations of *materiality* in this *indictment* are hereby ordered *quashed.* What remains are allegations accusing the defendant of committing misdemeanor perjury[.]"
*Id.,* 105, at 110.

**4.** All "Articles" cited above and throughout are in the code of criminal procedure unless otherwise indicated.

**5.** Previously the practice was to present authorized motions and pleadings on the day of trial. The rule was, and without an ordered pretrial hearing under the statute still is, that such pretrial motions and pleadings must be presented before an announcement of ready. *Wilson v. State,* 398 S.W.2d 291, at 293 (Tex.Cr.App.1966); *Bond v. State,* 171 Tex.Cr.R. 119, 345 S.W.2d 520, at 523 (1961); *Crow v. State,* 147 Tex.Cr.R. 292, at 294, 180 S.W.2d 354 (1944). The primary reason for that requirement lies in the purpose and function of the formal pretrial proceeding pursuant to Article 28.01, *viz:*

"... The purpose of the pre-trial hearing is to enable the judge to dispose of certain matters prior to trial and thus avoid delays during the trial."
*Johnson v. State,* 803 S.W.2d 272, at 283 (Tex.Cr. App.1990) (citing *Bosley v. State,* 414 S.W.2d 468, at 470 (Tex.Cr.App.1967) (procedure designed to dispose of such prescribed matters sometime prior to trial to avoid delays after jurors and witnesses have been summoned); see also Morrison, *Interpretative Commentary—1965* (function to settle all "non-fact issues" prior to trial); Onion, *Special Commentary—1965* (to dispose of motions and matters designated "long prior" to, rather than on, trial date).

to the form or substance of the [charging instrument]." Article 28.01, § 1(2) and (4).[6]

Article 27.02 enumerates eight "pleadings and motions of the defendant" only two of which may have possible application here under the rules, *viz*:

"(1) A *motion to set aside* or an *exception* to [a charging instrument] for some matter of form or *substance*;

(8) *Any other* motions or pleadings that are by *law* permitted to be filed."

Grounds for a motion to set aside and an exception are expressly prescribed, respectively, by Article 27.03 (set aside), and Article 27.08 (exception to substance).[7] A so-called "motion to quash" is the functional equivalent of a motion to set aside. *State v. Eaves*, 800 S.W.2d 220, at 221, n. 5 (Tex.Cr.App.1990); see *Craven v. State*, 613 S.W.2d 488, at 489–490 (Tex.Cr.App.1981); see also *Kass v. State*, 642 S.W.2d 463, at 470 (Tex.Cr.App. 1981–1982) (McCormick, J., dissenting). Neither motion by appellee raises a *specific statutory* ground to set aside or quash the indictment under Article 27.03; nor does either even purport to be an "exception" to the indictment on its face for substantive causes specified in Article 27.08. See *State v. Eaves*, supra, 800 S.W.2d at 222–223.

As to the category of "other motions or pleadings ... permitted by law" in Article 27.02, item (8), we discerned in *State v. Eaves*, supra, that in 1965 the Legislature inserted in Article 27.03 (motion to set aside) a preliminary phrase, "In addition to any other grounds authorized by law," to acknowledge "certain inherent *defenses derived from the constitution*, i.e., jeopardy and want of jurisdiction." *Id.*, 800 S.W.2d at 222, n. 6.[8] Then when it revised the penal code in 1973 the Legislature also made conforming amendments to the code of criminal procedure; one added item (8) to Article 27.02, another added item (9) ("entrapment") to Article 28.01, § 1, both presumably to authorize litigating the latter defense pretrial. Acts 1973, 63rd Leg., Ch. 399, at p. 969, and pp. 969–970, respectively. See *Taylor v. State*, supra. That the Legislature saw a need thus to treat the entrapment defense strongly suggests a legislative understanding of traditional limitations on pretrial determinations of fact-based defensive matters otherwise reserved for resolution at trial.

## C

"Materiality" of an alleged perjurious statement is not a statutory defense; it is a

---

**6.** The Court correctly observes that Article 28.01 is not an exhaustive listing of matters that an accused is "entitled" to have determined pretrial, mentioning competency, indigency and bail. Slip opinion, at 12, n. 11. Of course, none amounts to a motion to set aside or an exception to a charging instrument on grounds provided in Article 27.03 and 27.08, respectively.

Where the law permits (or requires) an accused to raise matters pretrial, his written motion or pleading may well be embraced by Article 27.02, item 8. But for a formal pretrial hearing under Article 28.01, the law permitting or requiring the matter to be raised must at least suggest the pleading and grounds therefor. The Speedy Trial Act comes to mind in that it authorizes "a motion to set aside [a charging instrument]" to achieve "discharge" of accused. Article 32A.02, § 1 and § 3. When others may be heard is at the discretion of the trial court.

**7.** Neither motion in this cause regarding "materiality" may be fairly characterized as an exception to *form* of indictment within the meaning of any cause listed in Article 27.09, and thus such exception need not be further noticed.

**8.** In *Eaves* the pleading, styled as an "exception," alleged that the *statute* underlying the *misdemeanor* prosecution was *unconstitutional* because impermissibly vague and overbroad, thus violative of his rights to due process and due course of law, and prayed that the information be "set aside;" while it did not state a ground precisely specified in either Article 27.03 or 27.08, we concluded that in light of its content and prayer the pleading may be reasonably regarded as coming within contemplation of Article 27.03 (any other grounds authorized by law) or Article 27.02, item (8) (any other motion or pleading permitted by law to filed). *Id.*, 800 S.W.2d at 223–224. (In retrospect, however, to mention the latter was ill-advised since Article 27.02, item (1) includes both a motion to set aside and an exception, making item (8) redundant as to them.)

Because the pleading mounted a facial challenge, the trial court was not called on to hear evidence. Thus defendant was *discharged* by operation of law from that *misdemeanor* charge under Article 28.04. Compare result of setting aside an *indictment,* dictated by Articles 28.05 ff.

crucial element of the offense of perjury. There is no indication in any of those germane statutes of legislative intent that the issue of "materiality" in perjury cases is subject to similar pretrial determination. In Article 28.01, § 1 the Legislature separately identified in item (2) pleadings of the defendant (meaning those enumerated in Article 27.02, *inter alia*, item (1) (motion to set aside and exceptions for matters of substance), and item (8) "*any other* motions or pleadings [etc]"), and item (4) (exceptions to charging instrument). Since exceptions, as well as a motion to set aside, are also separately prescribed in item (1) of Article 27.02, the Legislature again recognized that item (8) contemplates any motion or pleading *other than* a motion to set aside and an exception to substance or form. Therefore, the motion to set aside and an exception to substance, is each *sui generis*, and neither is "*any other*" motion or pleading permitted under the rubric of item (8). Moreover, the code expressly provides procedures and grounds for raising, as well as consequences of determining, a motion to set aside and an exception. See Articles 27.03 and 27.08; 28.01, § 1, items (2) & (4); 28.05 ff. Yet, Article 28.01 is bereft of grounds for and disposition of "*any other*" motion or pleading presented in reliance solely on Article 27.02, item (8). Even before item (8) was added, former Presiding Judge Onion observed that Article 28.01 lacks provisions detailing procedure for and scope of designated motions, *Bosley v. State, supra,* at 470; similarly, item (8) itself is silent on that score. Perforce one must look to the underlying law permitting a particular motion on certain grounds to be presented, heard and determined.

While *specified* grounds for motions to set aside a charging instrument may require certain evidentiary showings, other "grounds authorized" by Article 27.03, like *specified* exceptions to substance, constitute facial attacks on the charging instrument itself without introduction, examination or consideration of supporting evidence. In either instance, neither Article 27.03 nor Article 27.08 identifies "materiality" as a matter that may be raised thereunder.

Appellee structured his pleadings so that as each motion relates to the other he presented to the trial court what is ultimately a motion to set aside (quash) the indictment. See note 3, *ante.*[9] Indeed, based upon his findings and conclusions, the judge so regarded the motions and granted just such relief, i.e. "the allegations of materiality in this indictment are ordered *quashed.*" Tr. 110; note 3, *ante.*

## II

### A

Nonetheless, appellee contends that regardless of caption his motion for pretrial

---

**9.** It is true that in his motion for pretrial determination of materiality appellee said the indictment should be "dismissed." Tr. 12. However, that motion incorporates his combined motion to "dismiss or *quash,*" and while he prays for dismissal of the indictment, the trial court ordered the materiality allegations "*quashed,*" which is the functional equivalent of ordering them "set aside." *State v. Eaves,* supra, n. 5.

It must be emphasized that the best (and easiest) practice in pleading and pursuing pretrial matters mentioned in Article 28.01 and related substantive statutes is to adhere to terminology used therein. None authorizes the court to "dismiss" the charging instrument; each has its own prescribed grounds or causes and consequential disposition.

Accuracy in vocabulary enhances effective communication, benefitting the bench and bar. For an unfortunate example, in Article 44.01, providing the State an appeal from certain orders and actions below, in § (a)(1) the Legislature spoke in terms of where an order "dismisses" a charging instrument or, as here, "any portion" thereof. In *State v. Eaves,* supra, we discussed various pretrial motions and exceptions prescribed in Chapter Twentyseven, and we identified respective consequences of sustaining each one as provided in Chapter Twentyeight; moreover, we pointed out there are "only two situations in which *dismissals* are authorized," *viz:* of a *prosecution* pursuant to Article 32.01; of a *criminal action* under Article 32.02. *Id.,* 800 S.W.2d at 223 and n. 11. Confronting inappropriate use of the term "dismisses," to accommodate the legislative intent we translated an order to "set aside" into "dismissal" and took pains to put quotation marks around every variation of the term in holding that the order at issue would constitute a "dismissal" for purposes of the State's taking an appeal under § (a)(1). See *id.,* 800 S.W.2d at 220, 221, 224.

determination of "materiality" may reasonably be regarded as coming within the purview of the preliminary clause in Article 27.03 or Article 27.02, item (8), and then argues essentially, as did the court of appeals, that trial courts are empowered generally to decide questions of law, and "materiality" is a question of law. Brief in Response at 4–6. *State v. Rosenbaum,* supra, 858 S.W.2d at 22. As if anticipating such an argument, the State asserts that just because "materiality" is a question of law does not justify the conclusion that a trial court "properly quashed a facially valid indictment materiality allegation where the State fails to introduce evidence supporting that allegation before trial on the merits." PDR, at 11.[10]

### 1

As previously demonstrated, the Legislature inserted the preliminary clause in Article 27.03 to acknowledge and accommodate *facial* challenges to a charging instrument on constitutional grounds. See *ante* at 4. They are "the *only exceptions* to the statutory rule." *Johnson v. State,* 22 Tex.App. 206, 2 S.W. 609, at 612 (1886) and cases cited therein; *Woods v. State,* 26 Tex.App. 490, 10 S.W. 108, at 109 (1888) ("*only other grounds* . . . to avoid and vacate indictment after its presentment," quoting *Owens v. State,* 25 Tex.App. 552, 8 S.W. 658 (1888)). The motion of appellee does not make a facial challenge on exceptive constitutional grounds. For that reason alone his motion does not present a matter determinable pursuant to Article 27.03, and the trial court, having entertained it, still was not empowered to hear and consider evidence going to merits of the motion. Thus the court of appeals fell into error.

The Court should so hold, terminate further examination of the question and reverse the judgments of the court of appeals and of the trial court.

The claim of appellee implicates an element of the offense alleged; albeit an ultimate question of law, it must be, and here was, determined from facts germane to that element. See *State v. Rosenbaum,* supra, 858 S.W.2d at 23, 24. Since the majority believes that at some point the trial judge is expected to hear evidence bearing on "materiality" outside the presence of the jury, it regards propriety of holding a hearing as merely "one of timing." Opinion, at 939. In my view, however, the real question at the threshold is "one of authority," *viz:* whether the motion itself authorized the trial court to convene, conduct and conclude such a pretrial hearing with a determination that the evidence does or does not establish "materiality" as a matter of law, and thus to "quash" an element alleged in the charging instrument. Although my own conclusion *ante* is that the applicable statutes do not grant any such authority, since the Court persists, so must I.

### 2

Appellee also seeks to find authority in Article 27.02, item (8), contending that his pretrial motion is one "by law permitted to be filed." While any motion may be submitted for filing, the instant motion to "quash" (set aside) this indictment advances a *ground* that, for reasons shown *ante,* the law does not permit to be raised, heard on evidence and determined pretrial. And neither appellee, the court of appeals nor this Court has

---

10. The State cites certain federal cases dealing with sufficiency of indictment allegations, PDR at 11–12; this Court also reviews certain federal cases to show that they are consistent with our decisions that sufficiency of the indictment is tested facially, not on evidence, to conclude that the court of appeals erred in holding the trial court properly considered evidence to determine sufficiency of "materiality" allegations raised by appellant's Combined Motion to Quash. Opinion, at 937–38.

Moreover, when it comes to the Motion for Pretrial Determination the Court discusses only federal decisions to reject the argument that a trial court may not make a determination of "materiality" as a matter of law from evidentiary facts adduced at a pretrial hearing. *Id.,* at 938–39.

Since our own code of criminal procedure as construed by decisions of the Court delineates the rules bearing on the latter issue, like appellee, my resolution pretermits consideration of precedents under federal rules.

yet identified *the law* of this jurisdiction that allows an accused to launch a pretrial attack against a charging instrument on the *ground* that an *element* of the alleged offense is insupportable by evidence, so as to put upon the State the burden of proving its elemental allegation by some level of confidence, presumably beyond a reasonable doubt. Compare Article 28.01, item (9) "Entrapment;" see *Taylor v. State*, supra.

Even a "speaking demurrer" has long since gone the way of the dodo, and is not permitted in this State. *International Bank of Commerce v. City of Laredo*, 608 S.W.2d 267, at 270 (Tex.Civ.App.—San Antonio 1980), writ dismissed; see Black's Law Dictionary (Rev.Fourth Ed. (1968) 520. That a pretrial motion to set aside (quash) a charging instrument on the ground that certain allegations are not supportable by testimony and other evidence is equally if not more offensive to fundamental tenets underlying precepts informing rules guiding pretrial procedures in criminal actions in this State. See, e.g., *State v. Eaves*, supra, 800 S.W.2d at 221–223 (Part II).

Appellee's motion is in effect an effort to cause the judge to go behind the face of the indictment before trial to see if there is sufficient evidence to support the alleged "materiality" element in the offense of perjury. But it is axiomatic that, other than grand jury irregularities proscribed in Article 28.03, the trial court is to test facial validity of allegations in a charging instrument.[11] The Court has consistently refused to look beyond the indictment where analogous "jurisdictional" claims are made by motion to set aside or otherwise. An example is the matter of sufficient proper evidence before the grand jury. *Baldwin v. State*, 490 S.W.2d 583, at 585 (Tex.Cr.App.1973) (hearsay evidence); *Carpenter v. State*, 477 S.W.2d 22, at 23 (Tex.Cr.App.1972) (sufficient

evidence); *Barnes v. State*, 134 Tex.Cr.R. 461, 116 S.W.2d 408, at 409 (1938) (insufficient evidence); *Bell v. State*, 92 Tex.Cr.R. 342, 243 S.W. 1095, at 1096 (1922) (illegal testimony); *Edwards v. State*, 73 Tex.Cr.R. 380, 166 S.W. 517, at 518 (1914) (character of testimony and quantum of proof); *Buchanan v. State*, 41 Tex.Crim. 127, 52 S.W. 769 (1890) (privileged testimony does not render indictment defective).

As the Court correctly holds, although the trial court could convene a hearing to entertain both the combined motion to quash and the motion for pretrial determination of "materiality," the judge *"improperly"* considered evidence beyond the four corners of the indictment" to decide the former. Opinion at 941. It surely follows that the judge also "improperly" considered the same evidence to decide what appellee insists is a motion to set aside (quash) the indictment "within the purview contemplation of Article 27.03 or 27.02[ (8).]" Brief in Response at 6. Reasons in our law precluding a trial court from evaluating sufficiency of evidence leading to return of an indictment would equally, if not more, bar a judge before trial from hearing, considering and weighing evidence going to an element of the alleged offense. The statutes authorizing pretrial proceedings do not contemplate a "minitrial" on the merits of allegations made in the charging instrument, much less of a single element of the offense alleged. Unlike unique treatment of the *defense* of entrapment, the Legislature has not provided the same for an *element* of an offense.

### III

A charging instrument returned by a legally constituted grand jury and valid on its face is sufficient to mandate trial of the charge on its merits. *Crocker v. State*, 573 S.W.2d 190, at 204 (Tex.Cr.App.1978), and

---

11. In *Bourland v. State*, 133 Tex.Cr.R. 544, 112 S.W.2d 720 (1937), the Court explained the rudimentary principle at work, *viz:*

   "An indictment must stand or fall upon the averment found in that document. The evidence may not be looked to in aid [or defeat] thereof. If so, many indictments good on their faces would be bad in light of the evidence and vice versa; many bad on their faces would be good where the evidence makes out a case if it had been properly pleaded."

cases cited therein. An indictment must be facially tested by itself under the law, as a pleading; it can neither be supported nor defeated as such by what evidence is introduced on trial. *Brasfield v. State*, 600 S.W.2d 288, at 294 (Tex.Cr.App.1980); *Ritter v. State*, 76 Tex.Cr.R. 594, 176 S.W. 727, 730 (1915); *Bourland v. State*, supra, n. 11, *ante*. *A fortiori*, it can not be supported or defeated by evidence presented at pretrial. For the reasons developed *ante*, in a pretrial setting there is no constitutional or statutory authority for an accused to raise and for a trial court to determine sufficiency of evidence to. support or defeat an alleged element of an offense such as "materiality" in a perjury case.

Because in my judgment the Court grievously errs in torturing our own statutory scheme governing pretrial determinations to conclude otherwise, I must protest its creating the breach that will surely open widely the way to any pretrial determination of underlying facts relevant to all sorts and kinds of "questions of law."

I dissent.

McCORMICK, P.J., and WHITE and MEYERS, JJ., join this opinion.

### OPINION ON STATE'S MOTION FOR REHEARING

McCORMICK, Presiding Judge.

We granted the State Prosecuting Attorney's motion for rehearing in order to reexamine our holding that a trial court has the authority to quash the allegations of materiality in an indictment for aggravated perjury at a pretrial hearing. We find that Judge Clinton's dissenting opinion on original submission is correct in its reasoning and its holding that in a pretrial setting there is neither Constitutional nor statutory authority for an accused to raise and for a trial court to determine sufficiency of evidence to support or defeat an alleged element of an offense such as "materiality" in a perjury case.

Accordingly, we adopt the conclusions in Part III of Judge Clinton's dissenting opinion. The judgment of the Court of Appeals is reversed, the order of the trial court is set aside, and the cause remanded to the trial court for appellee to answer the indictment.

MANSFIELD, J., joins and files note.

OVERSTREET, J., dissents.

MANSFIELD, Judge, Joining Note:

I join the majority opinion. I write only to deplore the implication in Judge Baird's dissenting opinion that our disposition of this case has changed solely because the membership of the Court has changed. I read both the original majority opinion as well as Judge Clinton's dissent and believe strongly that Judge Clinton's analysis of the applicable law is correct. The implication that my decision in this case was based on anything other than my legal analysis of the issues presented in this matter is not appreciated. Expressed or implied attacks on the motives or integrity of members of this Court by other members have no place in our written opinions. The purpose for allowing the State and/or the appellant to file a Motion for Rehearing After Written Opinion is to permit the Court to reexamine its original disposition of the case and, infrequently, as in the present case, we do change our disposition. As our disposition of a case is not final until the time for filing a Motion For Rehearing After Written Opinion has expired, stare decisis is not implicated when we grant a Motion for Rehearing After Written Opinion and subsequently depart from our original disposition.

### CONCURRING OPINION ON STATE'S MOTION FOR REHEARING ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge, concurring.

I join the opinion of the Court, but write in response to Judge Baird's dissenting opinion.

In *Sterling v. State*, 800 S.W.2d 513 (Tex. Crim.App.1990), within three weeks of being sworn in, Judge Baird voted to grant the Appellant's Motion for Rehearing even

though he had not participated in the original decision handed down before he joined the Court. In the capital murder case of *County v. State*, 812 S.W.2d 303 (Tex.Crim.App. 1989), in the Opinion on Rehearing, Judge Baird concurred in the result—a result different from that reached on original submission before he joined the Court. In *Miller v. State*, 815 S.W.2d 582 (Tex.Crim.App.1991), in the Opinion on Rehearing, Judge Baird joined the majority in reaching a conclusion different from that reached on original submission before he joined the Court. And in *Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim.App.1991) Judge Baird joined the Opinion on Rehearing, again with a result contrary to the result in the opinion on original submission handed down before he joined the Court. In *County*, *Miller*, and *Montgomery*, the opinion on rehearing not only changed the result of the opinion on original submission, but also reversed the conviction. I do not criticize Judge Baird for taking part in these cases; this Court has no rule or policy prohibiting such participation. I simply point out that when Judge Baird joined the Court, he had no objection to the practice which he condemns today.

Regarding the substance of his dissent, Judge Baird is right about one thing: the belief that might-makes-right is dangerous in a society governed by the rule of law. But in this case, his criticism would be more properly directed toward the former majority than toward the current majority. In the opinion on original submission, the former majority "tortur[ed] our own statutory scheme governing pretrial determinations," and changed the law "without notice, without reason, with-

out conscience, and without forethought." Had the former majority adhered to the principles of judicial conservatism espoused in Judge Baird's dissent, we would not today be in the position of correcting the error then committed.

## DISSENTING OPINION ON STATE'S MOTION FOR REHEARING ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge, dissenting.

On November 30, 1994, we delivered a well reasoned opinion in this case in response to the State's petition for discretionary review. At that time, four members of this Court dissented. On January 1, 1995, two judges left the Court and were replaced by two newly elected judges. On March 29, 1995, the Court, with the newly elected judges participating, granted the State's motion for rehearing. Today, the majority adopts the dissenting opinion and reverses our opinion on original submission.

### I.

The State fails to offer any intervening authorities in its motion for rehearing nor does the State advance a new or different argument. Instead, the motion for rehearing contends nothing more than that we "erred" and relies on the same argument and authorities we rejected on original submission.[1] Today's majority, in what must be our shortest opinion ever, fails to offer any additional or intervening authority, nor does it offer any reasoning as to why our opinion on original

---

1. In a supplemental brief, the State directs us to *United States v. Gaudin*, — U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444, but *Gaudin* has very little to do with the issue at hand, namely whether the issue of materiality may be contested *prior to* trial. Instead, *Gaudin* dealt with whether materiality was an element of a federal offense and, therefore, required to be submitted to the jury *upon completion* of the trial.

The *Gaudin* Court held materiality was a mixed question of fact and law and an element which was required to be submitted to the jury under the Fifth and Sixth Amendments of the U.S. Constitution. Nevertheless, the Supreme

Court noted that when a defendant "demurrers to the indictment" challenging the issue of materiality, the challenge raises a question of law to be resolved by the trial judge. That is precisely what occurred in the instant case. The trial judge determined as a matter of law, and the Court of Appeals agreed, the statements were not material. Therefore, the State could not proceed with its prosecution for aggravated perjury under Tex.Penal Code Ann. § 37.02 but was free to pursue the offense of perjury under Tex.Penal Code Ann. § 37.01. With this said, I join Judge Maloney's Dissenting Opinion.

submission was erroneous. The majority opinion is literally nothing more than an express adoption of the dissenting opinion without any reason or explanation for doing so.

In truth, there is no principled reason for the majority's action. The only difference today from November 30, 1994, is the composition of the Court. Many years ago, Alfred North Whitehead asked and answered the following rhetorical question:

> What is morality in any given time or place? It is what the majority then and there happen to like, and immorality is what they dislike.

*Dialogues of Alfred North Whitehead* (1953) prologue. This reasoning applies to the majority opinion in this case. The majority has taken the position that might-makes-right and that any result can be reached without any thought or reason simply because the majority has the power to command it. This position is dangerous in a society governed by the rule of law. In light of the majority's action today, the law is subject to change without notice, without reason, without conscience and without forethought so long as it is the will of the majority.[2]

## II.

What is also perplexing about this case is the State's willingness to relinquish a right to appeal. A recitation of the procedural facts will explain. In the instant case the trial judge determined, prior to trial, that appellant's allegedly false statements were not material and quashed that portion of the indictment. Because the trial judge's adverse ruling was made pursuant to a motion to quash, the State had the right to appeal. Tex.Code Crim.Proc.Ann. art. 44.01.[3] The State utilized that remedy and obtained a thorough and complete review of the trial judge's ruling. *State v. Rosenbaum*, 858 S.W.2d 22 (Tex.App.—Houston [14th Dist.] 1993).

Everyone agrees that the question of whether a statement is material is a *question of law*. And questions of law must initially be resolved by the trial judge. However, in light of the majority's actions today, trial judges will no longer have the authority to answer such questions prior to trial; such questions must now be answered during trial at a time when jeopardy has attached and the State has no right to appeal. Consequently, the majority, at the State's request,

---

**2.** In her concurrence, Judge Keller notes that I participated in the rehearing of three cases shortly after I came to the Court. However, her recount of those cases is less than complete. For example, in *County v. State*, 812 S.W.2d 303 (Tex.Cr.App.1989), rehearing was granted in 1989, when I was *not* a member of this Court. While Judge Keller is correct that on rehearing the Court changed the result of the opinion on original submission and reversed the conviction, that is not the whole story. Before the Court granted rehearing, the Court abated the appeal and remanded the case to the trial court to correct inaccuracies in the statement of facts. *Id.* at 315. Following the abatement, we recognized the record on original submission was flawed with numerous inaccuracies. As Judge McCormick noted in his concurring opinion: "How such inaccuracies in the record which directly related to the *main issue presented* could have been so *glaring* and go *unnoticed* for so long is, indeed, *appalling*. Today, we reverse appellant's conviction *two years after it should have been done.*" *Id.*, 812 S.W.2d at 317. (Emphasis

added.) I cannot agree with Judge Keller that we should not change our position when we learn the record on which we based that position is inaccurate.

Moreover, Judge Keller misses the point of my dissent. In each of the three cases cited by her, the complaining party advanced reasons and arguments for rehearing and the Court, on rehearing, labored to offer the bench and bar thorough and complete opinions addressing those reasons and arguments. As noted above, today's majority opinion is nothing more than an adoption of the dissent when neither the State Prosecuting Attorney nor the new majority provides any reason, argument or authority for doing so. If Judge Keller believes we erred on original submission, she should bless the bench and bar with an opinion analyzing how we erred rather than espousing on "judicial conservatism."

**3.** Tex.Code Crim.Proc.Ann. art. 44.01 provides the State "is entitled to appeal an order of a court ... if the order (1) dismisses an indictment, information, or complaint or any portion of an indictment, information or complaint...."

rescinds an appellate remedy previously available to the State. In short, the State voluntarily relinquishes its right to appeal adverse rulings on the issue of materiality.[4] Such is a foolish bargain to obtain only a very temporary victory.[5]

For these reasons, I dissent to the majority's reversal of our well reasoned opinion on original submission for no reason other than its power to do so.

### DISSENTING OPINION ON STATE'S MOTION FOR REHEARING

MALONEY, Judge, dissenting.

On original submission the Court was presented with the issue of "whether a defendant may raise a pretrial challenge to the State's evidence of materiality in an aggravated perjury indictment where the materiality allegation in the indictment is valid on its face, thus requiring the State to prove materiality prior to a trial on the merits." *State v. Rosenbaum*, 910 S.W.2d 934 (Tex.Crim. App.1994) (opinion on original submission). We held that because materiality is a question of law for the trial court rather than the jury, the trial court may make a ruling on the issue pretrial. We also held that the trial court has authority to make such a ruling pretrial under Tex.Code Crim.Proc.Ann. art. 28.01(2) and 27.02(8).

The State filed a motion for rehearing contesting our holding that the trial court has authority to make a pretrial determination of materiality. In a supplemental brief on rehearing, the State directs this Court's attention to the recent United States Supreme Court opinion, *United States v. Gaudin*, —— U.S. ——, 115 S.Ct. 2310, 132 L.Ed.2d 444 (June 19, 1995). In *Gaudin*, the question presented to the Court was "whether it was constitutional for the trial judge to refuse to submit the question of 'materiality' to the jury." *Gaudin*, —— U.S. at ——, 115 S.Ct. at 2312, 132 L.Ed.2d 444. The government conceded that under the controlling statutory provision, "materiality" was an element of the offense that the government was required to prove. The Supreme Court held:

> The Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged; one of the elements in the present case is materiality; respondent therefore had a right to have the jury decide materiality.

*Id.* at ——, 115 S.Ct. at 2314.

While the constitutionality of the trial court's review of the materiality question was not at issue in this case on original submission, our holding nevertheless turned in part upon the premise that materiality is a question of law for the trial court to decide as opposed to an issue for the jury. In light of *Gaudin*'s holding, this premise can no longer stand. Indeed, this premise was based in part upon one of this Court's cases which relied solely upon a Supreme Court case that is expressly repudiated in *Gaudin*. *See Yarbrough v. State*, 617 S.W.2d 221, 228 (Tex. Crim.App.1981) (relying on *Sinclair v. United States*, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692 (1929)); *see also Gaudin, supra* (repudiating reasoning in *Sinclair*). Our reasoning on original submission that the trial court can decide the materiality issue pretrial because materiality is an issue that is never submitted for consideration by the jury, is no longer valid. I would nevertheless continue to hold that the trial court had authority to hold the pretrial hearing and make the legal determination with respect to

---

4. The motion for rehearing was filed by the Honorable Robert Huttash, State Prosecuting Attorney. Jim James, the special prosecutor appointed to replace the disqualified district attorney of Washington County, did not file a motion for rehearing.

5. The victory is temporary because it lasts only until trial. At trial, after jeopardy has attached and the State has lost its right to appeal, the trial judge will again determine the statements were not material and will be forced to instruct a verdict of not guilty to the charge of aggravated perjury. We know this because the trial judge has already made such a determination and that determination was expressly upheld by the Court of Appeals. *Rosenbaum*, 858 S.W.2d at 24.

appellant's Motion for Pretrial Determination of Materiality, pursuant to articles 28.01(2) and 27.02(8) Tex.Code Crim.Proc.Ann.[1]

For these reasons, I would affirm the Court of Appeals.

BAIRD, J., joins.

---

**1.** I note that under *Gaudin*, if the trial court determines that the statement at issue *was* material as a matter of law, then the issue must be submitted to the jury to decide. So long as perjury is defined in the penal code as including materiality as an element, then the trial court can no longer instruct the jury that it must find the statement material.