

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0127-14

**JOHN PETER PULLIS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

PER CURIAM. MEYERS, J., dissented.

## O P I N I O N

The appellant was convicted of violating a protective order. Because he had purportedly been convicted twice before for this same offense, he was convicted of a third-degree felony. We granted the appellant's petition for discretionary review in which he contended that the court of appeals erred to uphold his conviction because one of the prior convictions lacked finality because it was on appeal, and that, without an allegation of *two* valid prior convictions, the indictment against him failed to allege a felony offense and

therefore did not confer subject-matter jurisdiction on the district court. The court of appeals rejected this claim in an unpublished opinion, on two grounds. First, it concluded that the particular district court in this case had subject-matter jurisdiction over both felony and misdemeanor cases, by virtue of Section 24.120(b–1) of the Texas Government Code, so that the State's pleading invoked its subject-matter jurisdiction whether or not it alleged a felony offense.[1] Second, and in any event, the court of appeals held, the appellant may not raise such a claim in a motion to quash the indictment.[2] Having examined the record and the briefs, we conclude that our decision to grant discretionary review in this case was improvident. We therefore dismiss the appellant's petition for discretionary review.

DELIVERED:          October 8, 2014
DO NOT PUBLISH

---

[1] *Pullis v. State*, 2014 WL 31423 (Tex. App.—Waco, delivered Jan. 2, 2014), at *1 (citing TEX. GOV'T CODE § 24.120(b–1)).

[2] *Id*. at *2 (citing *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (*dissenting op. adopted on reh'g*)).