

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## PD-1086-08

---

**THE STATE OF TEXAS**

**v.**

**ORALIA LOPEZ GOLLIHAR, Appellee**

---

**ON DISCRETIONARY REVIEW
FROM THE FOURTH COURT OF APPEALS,
BANDERA COUNTY**

---

*PER CURIAM. (MEYERS, J., did not participate.)*

We shall affirm the judgment of the Court of Appeals for reasons quite different

from those given by that Court.

This is a prosecution for the offense of tampering with a governmental record.

Such an offense is a felony of the second degree "if the actor's intent in committing the

offense was to defraud or harm another."[*]

The appellee wants to raise the issue, whether a police officer could be "another"

---

[*] PENAL CODE § 37.10(d)(1).

as that term is used in the statute.

The problem is that the legal issue was not properly presented to the courts below by the procedure which has been used in this case: a motion to quash the information. The Court of Appeals' judgment is correct, although its opinion reached the issue which was not properly before it.

### In the Trial Court

The indictment alleged that the appellee did "with intent to harm and defraud another, to-wit, Gerald Johnson, intentionally and knowingly present and use a document, to wit, an insurance card, with knowledge of its falsity and with intent that it be taken as a genuine governmental record."

On its face, the indictment alleged all elements of the second-degree felony offense of tampering with a governmental record.

The appellee filed a "Motion to Quash and Exception to Substance of the Indictment," which said "that the indictment shows upon its face that the court does not have jurisdiction over this cause" because "the Defendant will show the following: (a) The offense alleged is a Class B misdemeanor under Penal Code Section 37.10(3)(d)(1). The addition of the wording in the indictment: 'with intent to harm or defraud another, to wit, Gerald Johnson,' *the officer* to whom the insurance card was presented, to increase the punishment level of the offense would require the Court to disregard the plain meaning of the word 'another' in the Statute."

The appellee's motion introduced an evidentiary fact that was not pled in the indictment: that Gerald Johnson was an "officer."

At the pretrial hearing on the motion and exception, the trial court quashed the indictment. In so doing, the court relied, not only on the evidentiary fact that Gerald Johnson was an officer, but also on another evidentiary fact: that the insurance card was presented during a traffic stop.

The court's findings of fact and conclusions of law included:

"1.  The court takes judicial notice that Gerald Johnson, who is one and the same person alleged in the indictment in the above-captioned case to have been defraud[ed] and harmed, is, and was at the time of the alleged offense, a deputy for the Bandera County, Texas Sheriff's Department and a duly licensed peace officer in the State of Texas.

…

"3.  A peace officer cannot be a *another* [*sic*] for the purposes of §37.10(d)(3) of the Texas Penal Code.

"4.  The presentation of a false insurance card to a peace officer during a traffic stop is not *harm*, as defined in § 1.07(25) of the Texas Penal Code, and as that term is used in §37.10(d)(3) of the Texas Penal Code.

"5.  Even taking as true all allegations contained in the indictment in the above-captioned case, it did not allege the commission of a felony

offense, and as such, should be quashed."

The problem, of course, is that nothing on the face of the indictment showed or indicated that the victim, Gerald Johnson, was a peace officer or that the insurance card was presented during a traffic stop. And it is on its face that an indictment's allegations are tested before trial.

"An indictment must be facially tested by itself under the law as a pleading; it can neither be supported nor defeated as such by what evidence is presented at trial. *A fortiori*, it can not be supported or defeated by evidence presented at pretrial. … [I]n a pretrial setting there is no constitutional or statutory authority for an accused to raise and for a trial court to determine sufficiency of evidence to support or defeat an alleged element of an offense." *State v. Rosenbaum*, 910 S.W.2d 934, 948 (opinion of Clinton, J.), *adopted by the Court*, 910 S.W.2d, at 948 (opinion on rehearing) (Tex. Cr. App. 1994).

The trial court erred in going behind the face of the indictment and using the anticipated evidence to decide the motion to quash.

<u>In the Court of Appeals</u>

The Court of Appeals' decision (*State v. Golihar*, No. 04-07-00623-CR, Fourth Court of Appeals, July 2, 2008), used the same erroneous analysis by deciding the merits of the case on the basis of its involving a peace officer. Its judgment, which reversed the trial court's order of dismissal and remanded the case for further proceedings, was

correct. But its discussion of whether the statute applies to the facts of the case was premature.

Conclusion

We affirm the Court of Appeals' judgment of reversal and remand for further proceedings with the understanding that the case is in the posture of the indictment being pending and the motion to quash being without merit. Whether, on trial, the evidence would prove an offense is an issue on which we express no opinion.

Delivered: September 22, 2010.
Do not publish.