IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-1086-08






THE STATE OF TEXAS



v.



ORALIA LOPEZ GOLLIHAR, Appellee






ON DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS,


BANDERA COUNTY






 Per curiam. (Meyers, J., did not participate.)



 We shall affirm the judgment of the Court of Appeals for reasons quite different
from those given by that Court.

 This is a prosecution for the offense of tampering with a governmental record.
Such an offense is a felony of the second degree "if the actor's intent in committing the
offense was to defraud or harm another." (1)

 The appellee wants to raise the issue, whether a police officer could be "another"
as that term is used in the statute.

 The problem is that the legal issue was not properly presented to the courts below
by the procedure which has been used in this case: a motion to quash the information. The
Court of Appeals' judgment is correct, although its opinion reached the issue which was
not properly before it.

In the Trial Court


 The indictment alleged that the appellee did "with intent to harm and defraud
another, to-wit, Gerald Johnson, intentionally and knowingly present and use a document,
to wit, an insurance card, with knowledge of its falsity and with intent that it be taken as a
genuine governmental record."

 On its face, the indictment alleged all elements of the second-degree felony
offense of tampering with a governmental record.

 The appellee filed a "Motion to Quash and Exception to Substance of the
Indictment," which said "that the indictment shows upon its face that the court does not
have jurisdiction over this cause" because "the Defendant will show the following: (a)
The offense alleged is a Class B misdemeanor under Penal Code Section 37.10(3)(d)(1).

The addition of the wording in the indictment: 'with intent to harm or defraud another, to
wit, Gerald Johnson,' the officer to whom the insurance card was presented, to increase
the punishment level of the offense would require the Court to disregard the plain
meaning of the word 'another' in the Statute."

 The appellee's motion introduced an evidentiary fact that was not pled in the
indictment: that Gerald Johnson was an "officer."

 At the pretrial hearing on the motion and exception, the trial court quashed the
indictment. In so doing, the court relied, not only on the evidentiary fact that Gerald
Johnson was an officer, but also on another evidentiary fact: that the insurance card was
presented during a traffic stop.

 The court's findings of fact and conclusions of law included:

 "1. The court takes judicial notice that Gerald Johnson, who is one
and the same person alleged in the indictment in the above-captioned case
to have been defraud[ed] and harmed, is, and was at the time of the alleged
offense, a deputy for the Bandera County, Texas Sheriff's Department and a
duly licensed peace officer in the State of Texas.

 

 "3. A peace officer cannot be a another [sic] for the purposes of
§37.10(d)(3) of the Texas Penal Code.

 "4. The presentation of a false insurance card to a peace officer
during a traffic stop is not harm, as defined in § 1.07(25) of the Texas Penal
Code, and as that term is used in §37.10(d)(3) of the Texas Penal Code.

 "5. Even taking as true all allegations contained in the indictment in
the above-captioned case, it did not allege the commission of a felony
offense, and as such, should be quashed."

 The problem, of course, is that nothing on the face of the indictment showed or
indicated that the victim, Gerald Johnson, was a peace officer or that the insurance card
was presented during a traffic stop. And it is on its face that an indictment's allegations
are tested before trial.

 "An indictment must be facially tested by itself under the law as a pleading; it can
neither be supported nor defeated as such by what evidence is presented at trial. A
fortiori, it can not be supported or defeated by evidence presented at pretrial.  [I]n a
pretrial setting there is no constitutional or statutory authority for an accused to raise and
for a trial court to determine sufficiency of evidence to support or defeat an alleged
element of an offense." State v. Rosenbaum, 910 S.W.2d 934, 948 (opinion of Clinton,
J.), adopted by the Court, 910 S.W.2d, at 948 (opinion on rehearing) (Tex. Cr. App.
1994).

 The trial court erred in going behind the face of the indictment and using the
anticipated evidence to decide the motion to quash.

In the Court of Appeals


 The Court of Appeals' decision (State v. Golihar, No. 04-07-00623-CR, Fourth
Court of Appeals, July 2, 2008), used the same erroneous analysis by deciding the merits
of the case on the basis of its involving a peace officer. Its judgment, which reversed the
trial court's order of dismissal and remanded the case for further proceedings, was
correct. But its discussion of whether the statute applies to the facts of the case was
premature.

Conclusion


 We affirm the Court of Appeals' judgment of reversal and remand for further
proceedings with the understanding that the case is in the posture of the indictment being
pending and the motion to quash being without merit. Whether, on trial, the evidence
would prove an offense is an issue on which we express no opinion.


Delivered: September 22, 2010.

Do not publish.
1. Penal Code § 37.10(d)(1).